DONALD EARL HUNDT, Admr. of Estate of MARGARET L. KRUS, Deceased, Plaintiff-Appellant, v. PROCTOR COMMUNITY HOSPITAL, Defendant and Third Party Plaintiff—(ROBERT L. BURHANS et al., Exrs. of the Estate of ERNEST C. BURHANS, Deceased, Third Party Defendants, Defendants-Appellees.)

(No. 71-52;

Third District—June 23, 1972.

Elmo E. Koos, of Peoria, for appellant.

William Voelker and Robert C. Strodel, both of Peoria, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, Donald Hundt, Administrator of the estate of Margaret Krus, commenced this medical malpractice action in the Circuit Court of Peoria County against Proctor Community Hospital, Defendant-Appellee. The first count alleged general negligence- *Res Ipsa Loquitur;* the second, trespass-battery; and the last count was based on specific negligence. The first count was dismissed pursuant to defendant's motion prior to trial. After plaintiff had completed presentation of her evidence the court granted defendant's motion for directed verdicts in its favor on the second and third counts. Plaintiff has appealed from the court's rulings on each of the counts. Defendant, Proctor Community Hospital also filed a third party action against Ernest Burhans, physician and surgeon, seeking indemnification for any damages which might be found due from the hospital to the plaintiff.

Margaret Krus, who shall be referred to as the plaintiff, had prior to August, 1965, been a patient in Proctor Hospital on a number of occasions. In January and June of 1964 the plaintiff had been a patient in the hospital and had undergone back surgery, the operations being performed by Ernest Burhans, a member of the active medical staff of Proctor Hospital. The operations were known as laminectomy and rhizotomy of the posterior sensory roots of the right and left thoracic vertebra. Plaintiff had no unsatisfactory aftereffects from either of the operations.

In August, 1965, the patient was again hospitalized in the Proctor Hospital complaining of severe pain. She was again treated by Ernest Burhans and after unsuccessful treatment with drugs it was determined that a spinal fusion should be undertaken. On the 16th day of September, 1965, at the request of the nurse on duty the plaintiff signed a consent for the operation which consent authorized "administer such treatment as is necessary, and to perform the following operation, spinal fusion, and such additional operations or procedures as are considered therapeutically necessary * * *." Plaintiff underwent surgery on September 17, 1965, but according to the hospital's medical and surgical records a spinal fusion was not performed. Instead the records indicate a rhizotomy of left thoracic vertebra apparently a repetition of the procedures under-

taken in whole or in part during the previous two hospitalizations. After the surgery on September 17, 1965, plaintiff became totally paralyzed in her lower extremities.

On this appeal plaintiff argues that the first count of her complaint based on negligence arising from the application of the doctrine of *res ipsa loquitur* stated a cause of action. With respect to the second and third counts plaintiff argues that her evidence presented a *prima facie* case and the court's conclusion to the contrary was erroneous. Plaintiff also argues the court erred in excluding evidence and restricting cross examination. Additionally plaintiff argues the court erred in refusing to permit her to file five additional counts by amending her complaint after she had presented her case.

The principal thrust of plaintiff's pleadings and evidence is that she was under anesthesia and unconscious on September 17, 1965, when she underwent an operation at the defendant hospital. According to the plaintiff the defendant hospital was in exclusive control of the operating facilities through its employees and agents. As a result of the misconduct of one of its agents namely the surgeon, plaintiff claims she was injured and paralyzed. So far as the *Res Ipsa* count is concerned the misconduct is unspecified. So far as the trespass and negligence counts are concerned the gist of the misconduct alleged is the failure of the surgeon to perform the spinal fusion. Instead he performed some other surgical procedure. In other words the surgeon either violated or exceeded the terms of the consent.

Common to each of plaintiff's theories of recovery is plaintiff's basic contention that defendant hospital is vicariously liable for the misconduct of the surgeon. Although the pleadings and plaintiff's arguments are somewhat ambiguous in this regard there is neither assertion or evidence of independent misconduct on the part of the hospital. Whatever derelictions of duty are referred to essentially spring from the basic charge that Dr. Burhans did not perform a spinal fusion, the only operation he was authorized to perform. In this connection it should be observed that the consent which was obtained by the nurse on the day prior to the operation was a properly executed authorization and there is no question but that its terms were in accord with the directions of the operating surgeon. It is also undisputed that Dr. Burhans was engaged in private practice, was a member of the active medical staff of Proctor Hospital and did not receive a salary or other compensation from the defendant hospital as his employer.

■■ In seeking to support her claim that the relationship between the hospital and Burhans was one of agency the plaintiff contends that the surgeon and hospital were acting as joint venturers relying on *Ditis v.*

*Ahlvin Const. Co. et al.*, 408 Ill. 416, 97 N.E.2d 244 and *Carroll v. Caldwell*, 12 Ill.2d 487, 147 N.E.2d 69. An examination of the foregoing cases reveals that the joint ventures therein found to exist did not involve a relationship between a physician or surgeon in private practice and the hospital in which a part of his practice was conducted. In fact the only similarity between such cases and the facts of this case is the community of interest which a physician and a hospital may have in promoting good health of patients. However the relationship between a hospital and the members of its staff who are not regular employees of the hospital has traditionally been an independent relationship even though both parties must cooperate for the purposes of hospitalization to succeed. The necessity for co-operation neither authorizes or requires a change or an abandonment of the independent roles of each. Plaintiff concedes in her brief that "*   *   * the case law has not yet received the hospital complex and participating physicians relationship as a joint enterprise *   *   *.*" Since the misconduct of a treating physician may not be attributed to the hospital it follows that it is unnecessary for us to determine whether Dr. Burhans was negligent or otherwise guilty of misconduct.

■■ The rulings on evidence objected to by plaintiff on this appeal relate to the trial court's refusal to permit the introduction of certain statutes such as the Federal Hill-Burton Act and the Illinois Act relating to the licensing of hospitals as well as some questions relating to general policies and rules of hospital administration. In this regard it seems to be plaintiff's position that so long as the defendant is a hospital anything relating to hospitals must somehow be related to the case. The trial court permitted plaintiff wide latitude in the introduction of evidence relating to hospital administration even though the complaint fails to allege any duties or breaches thereof related to general hospital administration. Specifically no breaches of statutory duty are asserted and even on this appeal plaintiff has failed to indicate the relevance of the materials which she argues were improperly excluded.

Lastly plaintiff argues that she should have been permitted to amend her complaint at the close of her evidence by adding certain other counts, one of which was against the defendant hospital and the others against the third party defendant, the estate of Ernest Burhans. We conclude the court committed no error with respect to the proposed amendments.

According to the evidence of the hospital librarian it appeared that the operation which may have been performed by Burhans on September 17, 1965, may have duplicated in whole or in part operations performed on previous occasions. Additionally it appeared that Burhans made changes in some of the hospital records at some time after September 17, 1965. The change purported to modify Burhans' account of the operation per-

formed on September 17 and purported to reduce the contradiction between what surgical procedures were performed on September 17, 1965, and those performed in January and June of 1964.

The proposed amendments submitted by plaintiff were generally based on fraud, misrepresentation and breaches of duty arising from the statements contained in the hospital records and the alterations thereof. It is plaintiff's contention that the additional counts are based on facts discovered during the course of the trial previously concealed by the defendant or Burhans.

As is pointed out by defendant the allegedly newly discovered facts were not in fact newly discovered but were generally known to the plaintiff long before the trial commenced. That some additional evidence of the alteration of the records did come to light during the trial does not change the fact that the basic claims relating to such records were known to plaintiff and the additional facts could have been discovered by appropriate discovery procedures. Furthermore it is our conclusion that amendments to pleadings are only appropriate to conform the pleadings to the proof after the plaintiff has presented her case. In this connection whatever new theories were proposed by plaintiff were beyond the scope of the evidence particularly in the area of damages. The only damage claimed by plaintiff was her paralysis resulting from misconduct occurring on September 17 which damage could have had nothing to do with the alleged fraud or representation claimed in the proffered amended counts.

Finding no error in the judgment of the Circuit Court of Peoria County judgment is affirmed.

Judgment affirmed.

SCOTT and DIXON, JJ., concur.