DEWEY J. PICKLE, Plaintiff-Appellant, *v.* DR. JOHN R. CURNS *et al.*, Defendants.—(ST. THERESE HOSPITAL, Defendant-Appellee.)

Second District    No. 81-472

Opinion filed May 12, 1982.

Michael S. Danian, of Waukegan, for appellant.

Stephen R. Swofford and Michael F. Henrick, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE HOPF delivered the opinion of the court:

This is an appeal from an order which refused to reconsider the dismissal with prejudice of that part of plaintiff's complaint seeking recovery from defendant St. Therese Hospital for personal injuries and which refused to allow plaintiff to amend his complaint after the dismissal. That part of plaintiff's complaint seeking recovery from defendants John R. Curns and Barry Storter was not dismissed, and they are not involved in this appeal.

Plaintiff allegedly suffered injuries as a result of electroconvulsive therapy he received at St. Therese Hospital on September 9, 1979. He brought suit against Dr. Storter, who administered the therapy, Dr. Curns, who apparently was a consulting physician, and defendant hospital, which provided the facilities for the treatment along with nursing personnel.

Plaintiff's first complaint, filed August 19, 1980, was dismissed in favor of the hospital on October 9, 1980. He was given leave to amend the complaint, which he did on December 31, 1980. The amended complaint was stricken on the hospital's motion and leave was again given to file an amended complaint. He did so on February 20, 1981, and the hospital moved to dismiss this complaint. The record does not reflect the disposition of this motion to dismiss, but on March 24, 1981, the court granted plaintiff leave to file another amended complaint. This third amended complaint was dismissed on the hospital's motion on April 7, 1981, this time with prejudice.

On April 29, 1981, plaintiff filed a "Motion for Reconsideration and Leave to Plead Over." In it plaintiff requested the court to reconsider its order dismissing plaintiff's last-amended complaint against the hospital and to allow plaintiff to plead over its amended complaint. Attached to this motion was a complaint amending the last dismissed complaint. On June 10, 1981, the court denied plaintiff's motion for reconsideration and leave to plead over with the amended complaint he had tendered on April 29. Plaintiff then appealed.

We first must resolve what matters are before us for review. Plaintiff's notice of appeal stated that plaintiff appealed the June 10, 1981, order denying his motion to reconsider the dismissal of his third amended

complaint and denying leave to plead over. The notice further stated plaintiff sought reversal of the order in favor of the hospital, or in the alternative, judgment in his favor notwithstanding the order or reversal of the order and an opportunity to plead over.

■■ Plaintiff's appellate brief alludes to allegations in the original and various amended complaints. With the filing of each amended complaint, however, plaintiff waived his right to attack the dismissal of each earlier filed complaint. (*Henkhaus v. Barton* (1977), 56 Ill. App. 3d 767, 371 N.E.2d 1166.) Therefore the allegations in the original and two subsequent amended complaints are not matters for our review.

The hospital argues that although for the most part plaintiff structures his appellate argument into a defense of his third amended complaint, plaintiff had not specified in his notice of appeal the dismissal of that order as a matter about which he was appealing. Therefore, the hospital contends, plaintiff cannot argue the merits of his third amended complaint.

■■ ■ A notice of appeal must "specify the judgment or part thereof appealed from." (73 Ill. 2d R. 303(c)(2).) An appellate court may not review a matter not raised as an issue in the notice of appeal unless the deficiency is one of form and not of substance. (*In re Estate of Malloy* (1981), 96 Ill. App. 3d 1020, 422 N.E.2d 76.) We think that, while plaintiff's notice of appeal should have specified the April 7, 1981, order dismissing his third amended complaint with prejudice, the error was merely one of form. The hospital was not prejudiced by the error. It was informed from the notice that plaintiff was appealing the denial of the motion for reconsideration which clearly implied a request for reversal of the dismissal of his third amended complaint. Plaintiff's appellate brief focuses upon the dismissal of that complaint. We will consider plaintiff's argument opposing the dismissal of his third amended complaint.

■■ Counts III and IV of plaintiff's third amended complaint are addressed to the alleged negligence of the hospital. Count III alleged in pertinent part:

"4. That at the time and place aforesaid, the employee, NADINE CASEY, of the Defendant ST. THERESE HOSPITAL, in the course of her employment was guilty of the following negligent and careless acts:

A. Undertook to obtain the consent of Plaintiff for ECT treatment without fully informing him of the probability of side effects and significant risks common to such therapy.

B. Undertook to obtain the consent of Plaintiff for ECT without clearly and in an explicit manner informing the Plaintiff of the reason for such treatment, that is, the nature and seriousness of his illness.

C. Undertook to obtain the consent of Plaintiff for ECT therapy without clearly and fully informing the Plaintiff of the risks of memory impairment and fracture of the spine from such therapy.
D. Undertook to obtain the consent of Plaintiff of the risks of brain damage and fear and panic from such therapy."

This count alleges that it was the duty of the hospital to inform plaintiff of the risks that attend the administration of electroconvulsive therapy in order to obtain his consent to it. It is true, as plaintiff argues, that a hospital has a duty of care to the patient independent and apart from the duty of the physician to the patient. (*Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253, *cert. denied* (1966), 383 U.S. 946, 16 L. Ed. 2d 209, 86 S. Ct. 1204; *Brown v. St. John's Hospital* (1977), 51 Ill. App. 3d 1044, 367 N.E.2d 155.) It has been recognized, however, that informing a patient of a procedure in order that he might make a decision to give or withhold his consent to it is the duty of the patient's physician. The special relationship between a doctor and his patient "vests the doctor with the responsibility of disclosure [of risks, and] requires the doctor to exercise discretion in prudently disclosing information in accordance with his patient's best interests." (*Miceikis v. Field* (1976), 37 Ill. App. 3d 763, 768, 347 N.E.2d 320.) Count III was thus properly dismissed for failing to allege a duty owed him by the hospital.

Count IV of the third amended complaint alleges that it permitted electroconvulsive therapy to be performed on plaintiff in violation of its policies, and specifies the omission of certain steps in the administration of the therapy. Count IV in pertinent part states:

"3. That at the time and place aforesaid, the Defendant, ST. THERESE HOSPITAL, allowed DR. BARRY STORTER to administer electroconvulsive treatment in a manner which did not fully comply with the policy of the hospital on providing such treatment so as to constitute negligence on the part of the hospital * * *.

4. That at the time and place aforesaid, ST. THERESE HOSPITAL was guilty of the following negligent and careless acts:
A. Failure to administer a muscle relaxant.
B. Failure to physically examine the plaintiff before the administration of such treatment."

■■ It is recognized that absent a principal-agent relationship the misconduct of a treating physician may not be imputed to a hospital. (*Johnson v. St. Bernard Hospital* (1979), 79 Ill. App. 3d 709, 399 N.E.2d 198; *Hundt v. Proctor Community Hospital* (1972), 5 Ill. App. 3d 987, 284 N.E.2d 676.) Plaintiff's complaint does not allege a principal-agent relationship exists here, and he does not base this count on that theory.

■■ Plaintiff relies upon *Holton v. Resurrection Hospital* (1980), 88 Ill.

App. 3d 655, 410 N.E.2d 969. In that case the plaintiff was found to have stated a cause of action, not through an allegation of vicarious liability, but in an allegation directly charging the hospital with negligence when an emergency room physician allegedly misdiagnosed the plaintiff. The duty allegedly breached by the hospital was the duty to use reasonable care to discern the medical qualifications of persons who perform medical services in the hospital and to review treatment rendered by such persons. (88 Ill. App. 3d 655, 659.) A hospital has a duty to know the qualifications and the standard of performance of the physicians who practice on its premises. To permit a physician on its staff whom the hospital knows or should have known is unqualified or negligent is a breach of the hospital's duty of due care to its patients. To fail to periodically review staff physicians to determine whether they follow hospital procedures and render proper care would be a breach of a hospital's duty to its patients. *Holton v. Resurrection Hospital.*

The hospital is not an insurer of a patient's safety, but it owes him a duty of protection and it must exercise a degree of reasonable care towards him as his known condition requires. (*Slater v. Missionary Sisters of the Sacred Heart* (1974), 20 Ill. App. 3d 464, 469, 314 N.E.2d 715.) A hospital can be charged with negligence for failing to review and, in certain instances, supervise the medical care being given under a physician's care within a hospital. *Johnson v. St. Bernard Hospital.*

Here, the complaint makes no suggestion that the physician was unqualified or that the hospital failed to review the performance of its staff physicians, by which reviews it would have known the treating physician would not follow its policy with regard to plaintiff. We do not recognize the existence of a duty on the part of the hospital's administration to insure that each of its staff physicians will always perform his duty of due care to his patient. (*Johnson v. St. Bernard Hospital; Hundt v. Proctor Community Hospital.*) What plaintiff seeks is a ruling that a hospital must insure that physicians practicing on its premises never commit negligence. We agree with the New York Court of Appeals which stated in *Fiorentino v. Wenger* (1967), 19 N.Y.2d 407, 415, 280 N.Y.S.2d 373, 378, 227 N.E.2d 296, 299, that, although a hospital may be held liable for malpractice committed on its premises with its knowledge or under circumstances putting it on notice of the performance of wrongful acts, "a hospital will not be held liable for an act of malpractice performed by an independently retained healer, unless it had reason to know the act of malpractice would take place * * *." Here, the allegation does not allege that the hospital knew or should have known the physician would violate its policy.

The two specific allegations of deviation from hospital policy, that is the failure to administer muscle relaxant and the failure to conduct a

physical examination, do not support the contention that the hospital breached its duty of due care to plaintiff. The failure of a hospital to follow its policy can be evidence of a breach of a hospital's duty to a patient (*Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253, *cert. denied* (1966), 383 U.S. 946, 16 L. Ed. 2d 209, 86 S. Ct. 1204), but the procedures specified in the complaint are matters within the duty of due care owed by the treating physician, not the hospital. As we stated above, there was no allegation that the hospital knew or should have known that the physician would ignore its policy.

■■ Plaintiff also contends that the third amended complaint was sufficient to support an allegation of *res ipsa loquitur*. This doctrine must be pleaded before the trial court before it may be raised on appeal. (*Buck v. Alton Memorial Hospital* (1980), 86 Ill. App. 3d 347, 407 N.E.2d 1067.) Plaintiff does not specifically plead the application of the doctrine. Moreover, reliance upon the doctrine cannot be inferred from the most liberal construction of the complaint.

■■ With regard for the request for leave to file an amended complaint, we conclude that this was correctly denied. A dismissal of a complaint with prejudice is a final judgment, in spite of the fact of a motion to reconsider, which is permissible under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3). This section lists permissible post-judgment motions. It has been held that a motion to file an amended complaint is not encompassed by its provisions. (*First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 8, 373 N.E.2d 1326; *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 273 N.E.2d 403; *People ex rel. Endicott v. Huddleston* (1975), 34 Ill. App. 3d 799, 340 N.E.2d 622.) Only when there is a need to conform the pleading to the proofs may a complaint be amended after judgment. (*Fultz v. Haugan.*) The April 7 order dismissing the complaint with prejudice was entered pursuant to defendant's motion to dismiss. No evidence was presented and thus there was no proof with which to make the complaint conform after judgment. Although the court could reconsider within 30 days, once it denied the motion to reconsider it was without authority to allow an amendment. The court was without authority to allow an amendment of the complaint after judgment and thus it properly denied the motion to plead over.

We conclude plaintiff's motion for reconsideration and for leave to plead over was correctly denied, and we affirm the order of the circuit court of Lake County.

Affirmed.

LINDBERG and NASH, JJ., concur.