REX BARTON *et al.*, Plaintiffs-Appellants, v. EVANSTON HOSPITAL, Defendant-Appellee.

First District (1st Division) No. 86—1313

Opinion filed August 17, 1987.

Michael L. Bolos, Ltd., of Chicago (Michael L. Bolos, of counsel), for appellants.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, of counsel), for appellees.

JUSTICE MANNING delivered the opinion of the court:

This appeal arises from an order entered by the circuit court of Cook County dismissing certain counts of a complaint brought against Evanston Hospital by the plaintiffs, Rex and Esther Barton. A medical negligence action was brought against the hospital and David Watts, M.D., by plaintiffs as a result of injuries allegedly suffered by Rex Barton during surgery performed by Dr. Watts. Counts V and VI of plaintiffs' complaint allege that a joint venture exists between Dr. Watts and Evanston Hospital and seek to hold the hospital vicariously

liable for Dr. Watts' negligence in performing the surgery. Evanston Hospital moved to dismiss counts V and VI for failure to state a cause of action. The trial court dismissed the counts stating that Illinois law does not recognize a joint venture relationship between a physician and hospital in a factual matrix such as the one in the instant case. Plaintiff contends that the trial court erred in holding, as a matter of law, that a joint venture cannot exist between a hospital and surgeon.

For the reasons which follow, we affirm the decision of the trial court.

In December 1981, plaintiff was admitted to Evanston Hospital for a surgical procedure known as an iliac politeal bypass graft. Dr. David Watts, who was engaged in private practice, performed the operation in the surgical suite at Evanston Hospital. Although a member of the medical staff there, he received no salary or other compensation from the hospital. During the course of the surgery, the plaintiff's bowel was perforated. Notwithstanding, Dr. Watts chose to proceed with the bypass operation and as a result thereof the surgical site became contaminated.

In December 1983, plaintiffs filed a four-count complaint at law in the circuit court of Cook County against the defendants, David Watts, M.D., and Evanston Hospital. Count I is a direct action by Rex Barton against Dr. Watts for his negligence in performing the bypass surgery. Count II is an action by his wife, Esther Barton, for loss of consortium. Count III is an action by Rex Barton against Evanston Hospital for its failure to adequately supervise Dr. Watts, and count IV is an action by his wife against Evanston Hospital for loss of consortium.

Evanston Hospital filed a motion for summary judgment as to counts III and IV, supported by the affidavit of Dr. John J. Bergen stating that the care provided to Rex Barton by Evanston Hospital did not deviate from the standard of care within the hospital community.

In November 1985, plaintiffs filed counts V and VI, which allege that a joint venture relationship exists between Dr. Watts and Evanston Hospital. Evanston Hospital filed a motion to dismiss those counts for failure to state a cause of action.

Plaintiffs settled with Dr. Watts, who was subsequently dismissed as a party defendant. On December 30, 1985, a hearing was held on Evanston Hospital's motion for summary judgment and motion to dismiss. Both motions were granted. Plaintiffs do not appeal from the order granting summary judgment as to counts III and IV.

Regarding counts V and VI, plaintiffs contend that the allegations

are sufficient to plead the existence of a joint venture between Dr. Watts and Evanston Hospital and that the trial court erred in holding that Illinois does not recognize a joint venture between a hospital and physician as a matter of law.

■■ ■ A hospital is not an insurer of a patient's safety, but it owes him a duty of protection and it must exercise a degree of reasonable care towards him as his known condition requires. (*Pickle v. Curns* (1982), 106 Ill. App. 3d 734, 739, 435 N.E.2d 877.) As a general rule, the decision to treat a patient in a particular matter is a medical question entirely within the discretion of the treating physician, not the hospital (*Johnson v. Saint Bernard Hospital* (1979), 79 Ill. App. 3d 709, 714, 399 N.E.2d 198), and traditionally it has been held that a hospital is not liable for acts of one who renders medical care as an independent agent outside the control of the hospital (*Hundt v. Proctor Community Hospital* (1972), 5 Ill. App. 3d 987, 284 N.E.2d 676; *Stein v. Baum* (1967), 89 Ill. App. 2d 142, 232 N.E.2d 96). However, a hospital may be liable for injuries suffered by a patient in its care under two distinct theories. The hospital may be liable for a physician's misconduct on a *respondeat superior* theory when an employer-employee or principal-agent relationship is present or for the violation of an independent duty owed by the hospital to review and supervise medical care administered to the patient. (*Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 247; *Ingram v. Little Co. of Mary Hospital* (1982), 108 Ill. App. 3d 456, 458, 438 N.E.2d 1193.) There is no duty on the part of the hospital, however, to insure that each of its staff physicians will always perform his duty of due care to his patient. *Pickle v. Curns* (1982), 106 Ill. App. 3d 734, 739, 435 N.E.2d 877.

■■ In the instant case, counts V and VI do not allege that Dr. Watts was an employee of Evanston Hospital or that the hospital was in any way negligent in the care or treatment of the plaintiff. Rather, they seek to impute vicarious liability on the hospital for the negligence of Dr. Watts on the theory that a joint venture existed. Ordinarily, a joint venture is an association of two or more persons to carry out a single enterprise for profit (*Electrical Contractors, Inc. v. Goldberg & O'Brien Electric Co.* (1975), 29 Ill. App. 3d 819, 822, 331 N.E.2d 238), and the rights and liabilities of its members are tested by the same legal principles which govern partnerships (*Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, 318, 396 N.E.2d 524). A formal agreement is not necessary to establish a joint venture. It may be implied from the surrounding facts and circumstances. (*Burtell v. First Charter Service Corp.* (1980), 83 Ill. App. 3d 525,

530-31, 404 N.E.2d 455.) While surrounding circumstances may prove the existence of a joint venture, there must be a meeting of the minds, an agreement, express or implied, which shows the parties intended to embark on a joint venture. (*Electrical Contractors, Inc. v. Goldberg & O'Brien Electric Co.* (1975), 29 Ill. App. 3d 819, 822, 331 N.E.2d 238.) The burden of proving a joint venture is on the party who claims the relation exists. (*Petry v. Chicago Title & Trust Co.* (1977), 51 Ill. App. 3d 1053, 1057, 367 N.E.2d 385.) To constitute a joint venture there must be a community of interest in the purpose of the joint venture, a right to direct and govern the policy, and the conduct of the other in connection with the joint venture and a right to joint control. (*Clapp v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 469, 471, 484 N.E.2d 918.) Possibly the most important criterion of a joint venture is joint control and management of the property used in accomplishing its aims. *Prassos v. Nicholas W. Prassos & Co.* (1981), 94 Ill. App. 3d 311, 315, 418 N.E.2d 904.

■ It is undisputed that Dr. Watts and Evanston Hospital never intended to enter into a joint venture relationship. Plaintiffs maintain that defendants' intent is irrelevant because they acted as joint venturers and held themselves out as such. Defendant denies that a joint venture exists and contends that the plaintiff has not pleaded the elements of a joint venture. Primarily, the element of control required by a joint venture is not present. Plaintiffs' complaint alleges that Dr. Watts "directed residents, nurses and other personnel of Evanston Hospital in the manner and fashion of attending and treating his patients." The ability to direct certain hospital personnel does not give the doctor authority to control hospital policy or operation. Furthermore, the complaint does not specify how the hospital controlled Dr. Watts. Clearly, it could not instruct Dr. Watts on how to treat the plaintiff. The decision on how to treat a patient is a medical question entirely within the discretion of the treating physician, not the hospital. (*Johnson v. Saint Bernard Hospital* (1979), 79 Ill. App. 3d 709, 714, 399 N.E.2d 198.) Merely supplying the doctor with equipment and personnel does not evidence a right to govern his conduct. Thus, the mutuality of control contemplated by a truly joint venture is not present.

Defendant cites the case of *Hundt v. Proctor Community Hospital* (1972), 5 Ill. App. 3d 987, 284 N.E.2d 676, as controlling on this issue. In *Hundt*, plaintiff sued the defendant hospital for the negligence of her physician in determining which surgical procedure to perform. The doctor was engaged in private practice, was a member of the hospital staff and did not receive a salary or other compensa-

tion from the hospital. Plaintiff did not allege any independent misconduct on the part of the hospital, but sought to hold it vicariously liable for the doctor's negligence, contending that the two were acting as joint venturers. We refused to recognize a joint venture, stating that the necessity for cooperation between the doctor and the hospital neither authorized nor required a change or abandonment of their independent roles.

Plaintiffs attempt to distinguish *Hundt* on the grounds that the negligence complained of in *Hundt* occurred in: (1) a community hospital rather than a teaching hospital; (2) in a small town rather than a large city; and (3) in the decision of which procedure to perform rather than during surgery itself. The elements of a joint venture, however, remain the same in either setting. We find *Hundt* to be persuasive in holding that a joint venture does not exist between Dr. Watts and Evanston Hospital.

We affirm the decision of the trial court granting the motion to dismiss.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.