MARIE ALFORD, Independent Adm'r of the Estate of Leota Ledbetter, Deceased, Plaintiff-Appellant, v. L. A. PHIPPS *et al.*, Defendants (Dak R. Burnett *et al.*, Defendants-Appellees).

Fourth District   No. 4—87—0766

Opinion filed April 28, 1988.

848

Manion, Janov, Devens & Fahey, Ltd., of Hoopeston (Michael A. Wozniak, of counsel), for appellant.

Richard R. Harden and David A. Bailie, both of Thomas, Mamer & Haughey, of Champaign, for appellee Paris Community Hospital.

Richard F. Record, Jr., of Craig & Craig, of Mattoon, for appellees Dak R. Burnett and J. M. Ingalls.

JUSTICE SPITZ delivered the opinion of the court:

On January 21, 1987, plaintiff Marie Alford, as independent administrator of the estate of decedent Leota Ledbetter, filed a wrongful death action in the circuit court of Edgar County against defendants Dr. L. A. Phipps, Dr. M. L. Obetz, Dr. Dak R. Burnett, Dr. J. M. Ingalls and Paris Community Hospital (hospital), alleging that during a sigmoidoscopy decedent sustained a perforated colon which was not promptly diagnosed or treated by her attending physicians and contributed to her death. Specifically, count I of plaintiff's five-count complaint alleged that defendant Phipps was negligent in failing to properly diagnose and treat the decedent for a perforated colon. Count II alleged that defendant Obetz was negligent in failing to properly administer a barium enema for a barium X ray. Count III alleged that defendant Burnett was negligent in failing to properly diagnose and treat the decedent for a perforated colon and in failing to properly place a Swan-Ganz catheter during a surgical procedure he performed on the decedent. Count IV alleged that defendant Ingalls, or agents of

defendant Paris Community Hospital, were negligent in causing the decedent's colon to be perforated during the sigmoidoscopy procedure. Finally, count V alleged that defendant Paris Community Hospital was negligent in that its agents failed to consult with other physicians or take action to improve the quality of medical care being provided to the decedent. Attached to the complaint were separate affidavits as to each defendant stating that plaintiff's counsel was unable to obtain a written report from an expert physician because the statute of limitations would impair the action. Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(2).

Then on April 9, 1987, the plaintiff filed a document entitled "Compliance with Section 2—622 of Chapter 110." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) This document stated that written reports of expert physicians and an affidavit of plaintiff's counsel were attached thereto in compliance with section 2—622 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1)). The attached affidavit of counsel stated that the affiant had consulted and reviewed the facts of the case with qualified physicians, that the affiant reasonably believed the physicians were knowledgeable in the relevant issues involved in the action, and that one reviewing physician was a radiologist practicing in the same speciality as defendant Obetz and the other reviewing physician was a "physician/surgeon as are the remaining defendants, except for the Paris Community Hospital."

On April 16, 1987, defendant Paris Community Hospital filed a motion to dismiss counts IV and V of the complaint alleging that plaintiff's written reports were insufficient under section 2—622 of the Code, that the complaint was not filed within the applicable statute of limitations period and that the complaint contained insufficient allegations of fact. On May 5, 1987, defendants Phipps, Burnett, and Ingalls filed a motion to dismiss counts I, III, and IV of the complaint, alleging that the affidavit of counsel and the written reports failed to comply with section 2—622. Defendant Obetz filed an answer to the plaintiff's complaint and affirmative defense on April 29, 1987.

Following a hearing on June 19, 1987, the motions to dismiss were allowed. The trial court, in a letter opinion, dated June 30, 1987, stated that the first written report indicated that defendant Obetz' failure to properly diagnose the rectal perforation on the barium enema violated the standard of care for a radiologist. The court further stated that the second written report discussed defendant Phipps' involvement in the case and that the decedent's demise apparently resulted from the failure to promptly diagnose and definitively treat her

for a rectal perforation. The court found that pursuant to section 2—622(b) of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(b)), a certificate and written report "are required *** as to *each defendant* who has been named in the complaint and shall be filed as to each defendant named at a later time." (Emphasis added.) The court further found that the plaintiff's two written reports did not discuss defendants Burnett and Ingalls and, therefore, were "defective" as to those defendants. Accordingly, the court dismissed counts III and IV without prejudice.

In addition, the court dismissed counts IV and V of the complaint, directed against Paris Community Hospital, for failure to adequately allege either a *respondeat superior* theory of liability or a theory of liability based upon a violation of an independent duty on the part of the hospital to review and supervise medical care administered to a patient. The court reasoned that a dismissal with prejudice pursuant to section 2—619 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) was not appropriate and granted the plaintiff leave to amend the complaint within 21 days.

On July 6, 1987, Paris Community Hospital filed a motion for rehearing or, alternatively, clarification of the court's June 30, 1987, dismissal order. The motion alleged that the plaintiff's failure to comply with section 2—622 required a dismissal with prejudice pursuant to section 2—619. (Ill. Rev. Stat. 1985, ch. 110, pars. 2—622, 2—619.) Thereafter, on August 7, 1987, the court issued a letter opinion stating that after further review of section 2—622 of the Code, it was the intent of the legislature that the failure to comply with that section mandated dismissal with prejudice pursuant to section 2—619. Thus, the court found that the dismissal of the counts directed against defendants Burnett, Ingalls, and Paris Community Hospital should be with prejudice. An order filed on September 30, 1987, incorporated these rulings and indicated that defendant Phipps' motion to dismiss was denied. Plaintiff now appeals.

■ The first issue on appeal is whether the trial court erred in dismissing the counts in plaintiff's complaint, directed against defendants Ingalls and Burnett, for failure to comply with section 2—622 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622).

Plaintiff first contends that the trial court's interpretation of section 2—622 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) creates unconstitutional barriers to the plaintiff's right to a trial by jury and denies the plaintiff due process of law. Defendants argue that the plaintiff has waived this issue. Defendants contend that the plaintiff

filed no pleading in the court below challenging the constitutionality of section 2—622, failed to serve the Attorney General with appropriate notice pursuant to Supreme Court Rule 19 (107 Ill. 2d R. 19), and failed to support her contention on appeal with any citation of authority or argument.

Defendants correctly point out that the plaintiff cites no authority and makes no specific argument to support this contention. In any event, a recent decision by the Second District Appellate Court in *Bloom v. Guth* (1987), 164 Ill. App. 3d 475, 517 N.E.2d 1154, *appeal denied* (1988), 121 Ill. 2d 567, is dispositive of this issue. The *Bloom* court held that section 2—622 does not deny the medical patient due process or equal protection of the law. The *Bloom* court looked to the supreme court's decision in *Bernier v. Burris* (1986), 113 Ill. 2d 219, 497 N.E.2d 763, for guidance and applied the rational basis test. In so doing, the court determined that the purpose of section 2—622 is to eliminate frivolous lawsuits at the pleading stage and that this is a legitimate governmental purpose which section 2—622 is rationally related to achieving.

■ Next, plaintiff contends that the trial court's interpretation of section 2—622 is contrary to both the statute and legislative intent. Plaintiff argues that the reports of the radiologist and surgeon were filed within the time constraints of section 2—622 and "reflected that medical malpractice had occurred with regard to the care and treatment of the decedent." Plaintiff argues that prior to the filing of the complaint, no discovery was undertaken and that without discovery, the relationships and authority delegated between the defendants cannot be known. Thus, the plaintiff concludes that the reports of the two reviewing physicians "finding an occurrence of medical malpractice in the care and treatment of the deceased" were sufficient to comply with the requirements of section 2—622 and that no further burden should be placed upon the plaintiff. The plaintiff places principal reliance upon the Third District Appellate Court's opinion in *Hagood v. O'Conner* (1988), 165 Ill. App. 3d 367, 519 N.E.2d 66, *appeal pending* (1988), No. 66649.

It is defendants Ingalls' and Burnett's position that the reports prepared by the reviewing physicians failed to comply with section 2—622 and that dismissal of the counts directed against them was appropriate. Defendants first argue that both of the reviewing physicians' reports fail to identify the reviewing professionals as specialists. Defendants acknowledge that the plaintiff's affidavit states "one physician is a Radiologist practicing in the same specialty as the Defendant Dr. Obetz; and the other physician is a physician/surgeon as are

the remaining defendants, except for the Paris Community Hospital."
Defendants contend, however, that there are two reports and there is
no way to determine which report was prepared by the radiologist
and which was prepared by the surgeon. Defendants conclude that to
comply with section 2—622, the reviewing physician's specialty must
be identified in the report he prepares. Next, defendants contend that
neither of the reports is directed against them. Defendants assert
that the report dated February 23, 1987, is directed against codefend-
ant Obetz only and that the undated report is directed against code-
fendant Phipps and Dr. Haskell. Defendants conclude that the two re-
ports do not criticize or even comment about the professional care
rendered by them.

Section 2—622(a)(1) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1))
provides, in pertinent part, that in an action in which the plaintiff
seeks damages for medical malpractice, the plaintiff's attorney shall
file an affidavit, attached to the complaint, declaring:

> "That the affiant has consulted and reviewed the facts of the
> case with a health professional who the affiant reasonably be-
> lieves is knowledgeable in the relevant issues involved in the
> particular action and who practices in the same specialty as the
> defendant if the defendant is a specialist; that the reviewing
> health professional has determined in a written report, after a
> review of the medical record and other relevant material in-
> volved in the particular action that there is a reasonable and
> meritorious cause for the filing of such action; and that the affi-
> ant has concluded on the basis of the reviewing health profes-
> sional's review and consultation that there is a reasonable and
> meritorious cause for filing of such action. *** [T]he affidavit
> must identify the profession of the reviewing health profes-
> sional." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).)

Section 2—622(a)(1) also requires that a copy of the reviewing health
professional's written report "clearly identifying the plaintiff and the
reasons for the reviewing health professional's determination that a
reasonable and meritorious cause for the filing of the action exists,
must be attached to the affidavit, but information which would iden-
tify the reviewing health professional may be deleted from the copy
so attached." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) Section
2—622(b) requires that "a separate certificate and written report shall
be filed as to each defendant who has been named in the complaint
and shall be filed as to each defendant named at a later time." Ill.
Rev. Stat. 1985, ch. 110, par. 2—622(b).

The foregoing provisions clearly specify what information is to be

included in the attorney's affidavit. The language is not so clear and certain with regard to the contents of the reviewing health professional's written report. Pursuant to section 2—622(a)(1), the affidavit must declare: (1) the affiant has consulted and reviewed the facts of the case with a health professional; (2) the affiant reasonably believes the health professional is knowledgeable in the relevant issues involved in the particular action and who practices in the same specialty as the defendant if the defendant is a specialist; (3) the reviewing health professional has determined in a written report, after a review of the relevant material involved, that there is a reasonable and meritorious cause for the filing of such action; and (4) the affiant has concluded, on the basis of the reviewing health professional's review and consultation, that there is a reasonable and meritorious cause for filing the action. Finally, the affidavit must identify the profession of the reviewing health professional.

In the case at bar, plaintiff's counsel's affidavit stated: (1) the affiant consulted and reviewed the facts of the case with qualified physicians; (2) the affiant reasonably believed that the physicians are knowledgeable in the relevant issues involved in the action and that one physician practiced in the same specialty as defendant Obetz and that the other physician practiced in the same specialty as all the remaining defendants except the hospital; (3) the physicians determined in written reports, after a review of the medical records and other relevant material involved in the action, that there was a reasonable and meritorious cause for filing the action; and (4) the affiant concluded on the basis of the physicians' review and consultation that there is a reasonable and meritorious cause for filing the action. Further, the affidavit identified the first physician as a radiologist and the second physician as a "physician/surgeon." Plaintiff's affidavit is sufficient to comply with the substantive requirements of section 2—622 regarding attorney's affidavits. However, plaintiff filed only one affidavit and attached thereto were the two anonymously written reports. As discussed above, section 2—622(b) requires that a separate certificate and written report shall be filed as to each defendant. Confusion arose in this case as the plaintiff filed only one affidavit which identified the specialties of the two reviewing health professionals but failed to designate which of the attached reports each professional prepared. This confusion would have been easily eliminated had the plaintiff filed separate affidavits and reports, with each affidavit identifying the profession or specialty of the reviewing health professional who prepared the attached report.

Turning now to the written reports, section 2—622(a)(1) states

that the written report must be attached to the affidavit and clearly identify the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists. We point out that section 2—622(c) provides that where a plaintiff intends to rely on the doctrine of *res ipsa loquitur*, the written report must state that, in the opinion of the reviewing health professional, negligence has occurred in the course of medical treatment. Further, section 2—622(b) provides that a separate written report shall be filed as to each defendant who has been named in the complaint. These provisions, read together, support the interpretation that a written report must discuss the conduct or participation of the particular defendant that is being reviewed. A broad, general conclusion that "malpractice has occurred," without any further mention of a defendant's involvement, is sufficient to satisfy only the requirements of section 2—622(c), pertaining to *res ipsa loquitur* claims. Thus, in cases such as the instant one, the written report must discuss the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for filing the action *against that defendant* exists.

In the case at bar, neither of the written reports mentions defendants Ingalls or Burnett or discusses the defendants' participation or involvement in the case. More significantly, neither of the reports indicates that the health professional determined that a reasonable and meritorious cause for filing the action against *Ingalls* or *Burnett* existed. Consequently, defendants are correct in arguing that the two written reports are insufficient as to the counts directed against them and that the trial court properly dismissed those counts. Dismissal with prejudice, however, was not necessary, as will be discussed below.

Defendants' remaining contention is that the health professional's specialty must be identified in the written report the professional prepares. This argument lacks merit. There is no requirement in section 2—622 that the written report must identify the specialty of the reviewing health professional. Instead, that information is to be declared in the attached affidavit. As previously discussed, section 2—622(b) provides that separate affidavits and written reports shall be filed as to each defendant who has been named in the complaint. This serves to minimize any confusion as to which specialist reviewed each particular defendant.

In reaching our conclusion we point out that compliance with section 2—622 and sufficiency of the required documents are matters that rest within the sound discretion of the trial court. The trial court

is in a better position to examine the plaintiff's pleadings and then determine whether the pleadings are sufficient to comply with the statute, whether additional information or clarification is needed, whether amendment would be appropriate or whether dismissal with prejudice is required. Moreover, in light of all the variables, these determinations require a case-by-case review. We also note that there are several distinctions between the case relied upon by the plaintiff, *Hagood v. O'Conner* (1988), 165 Ill. App. 3d 367, 519 N.E.2d 66, and the case at bar. First, three of the issues discussed by the court in *Hagood* pertain to deficiencies in the attorney's affidavit. There, the defendants contended that the affidavit failed to identify the profession of the reviewing health care professional, failed to state that the reviewing health care professional practices in the same specialty as any one of the defendants, and failed to state that the reviewing health care professional determined that there was a reasonable and meritorious cause for filing the action. These issues are not before this court in the instant appeal. The next contention advanced by the defendants in *Hagood* was that the written report did not identify the reasons for the reviewing health professional's determination that there was meritorious cause of action. The *Hagood* court found that although the medical report did not contain the phrase "reasonable and meritorious cause for filing the action," this specific language was not necessary to comply with section 2—622. Finally, the defendants contended that the plaintiff was required to file separate certificates and written reports as to each named defendant. The court held that a single medical report submitted by the reviewing health professional can be sufficient to comply with the requirements of section 2—622 "if it adequately discusses deficiencies in the medical care given by the defendants and establishes that there exists a reasonable and meritorious cause for filing the action." (165 Ill. App. 3d at 374, 519 N.E.2d at 70.) The *Hagood* court noted that making multiple copies of the affidavit would have added nothing of value to that case. However, the court obviously did not anticipate situations such as the instant one, where confusion resulted from plaintiff's failure to file affidavits as to each defendant. In view of the foregoing distinctions, we find that the *Hagood* opinion is not controlling here.

 ■■ ■ The next issue on appeal is whether the trial court erred in dismissing the counts in plaintiff's complaint directed against defendant Paris Community Hospital for failure to adequately allege a theory of liability.

Plaintiff contends that the cause of action against the hospital should not have been dismissed under section 2—622. Plaintiff asserts

that the reports prepared by the reviewing physicians indicate that malpractice occurred while the decedent was treated at the defendant hospital. The plaintiff in her brief discusses two legal theories under which a hospital can be held liable and argues that she is entitled to pursue this cause of action to determine whether the hospital is liable under either or both of those theories. Defendant hospital contends that the plaintiff chose not to plead those theories of liability and made no attempt to name the hospital as a respondent in discovery (Ill. Rev. Stat. 1985, ch. 110, par. 2—402). The hospital argues that the plaintiff elected to name the hospital as a direct defendant, and therefore, the provisions of section 2—622 apply. The hospital further argues that plaintiff failed to comply with section 2—622 in that the written reports she submitted did not discuss any acts of malpractice committed by the hospital or its agents.

Contrary to the parties' assertions, the trial court in this case did not dismiss the counts directed against the hospital based upon a failure to comply with section 2—622. Rather, the court dismissed counts IV and V for failure to state a cause of action. Counts IV and V of the plaintiff's complaint were directed against the hospital. Count IV alleged "that the Defendant, J.M. Ingalls, or agents of the defendant, Paris Community Hospital were negligent in causing the Decedent's colon to be torn during" a sigmoidoscopy. Count V alleged it was the hospital's duty, through its nurses and other agents, to carefully observe the decedent's physical condition; it was obvious to the hospital's agents that decedent's physical condition was deteriorating rapidly yet the hospital did nothing to improve the quality of medical care being provided to the decedent; and the hospital was negligent in failing to consult with other physicians for the purpose of improving upon the quality of medical care being provided to the decedent. Among the grounds alleged by the hospital as bases for its motion to dismiss counts IV and V were count IV of the complaint pleads actions of Dr. Ingalls but fails to plead that Ingalls was an employee or otherwise an agent of the hospital; count IV fails to plead any facts showing that any actions were undertaken by agents of the hospital toward the decedent; count V pleads no facts showing what the hospital failed to do; the allegations in count V presume that the care given to the decedent was substandard and that a deterioration of a patient's condition is *ipso facto* proof of negligence; count V amounts to no more than notice pleading. In ruling on the hospital's motion to dismiss, the trial court stated:

> "A hospital may be liable for injuries suffered by a patient under its care on two distinct theories. A hospital may be liable

both for its physician-agent's misconduct on a *respondeat superior* theory or for a violation of an independent duty owed by the hospital to review and supervise medical care administered to a patient. *Darling v. Charleston Community Memorial Hospital*, 33 Ill. 2d 326, *Ingram vs. Little Company of Mary Hospital*, 108 Ill. App. 3d 456."

The court then found that counts IV and V of plaintiff's complaint failed to adequately allege either of those two theories and allowed the hospital's motion to dismiss.

The trial court correctly dismissed counts IV and V as these counts do not allege facts which sufficiently state a cause of action. When considering a motion to dismiss, the trial court must assume the truth of all facts properly pleaded (*Vaughn v. General Motors Corp.* (1984), 102 Ill. 2d 431, 466 N.E.2d 195; *Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 187 N.E.2d 722), and all reasonable inferences which can be drawn from those facts (*Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 390 N.E.2d 72). However, mere conclusions of law, argumentative matter, or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest are irrelevant and must be disregarded by the trial court in ruling on a motion to dismiss. (*Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 169 N.E.2d 747; *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.) In order to survive a motion to dismiss, a complaint must allege facts which, when considered together, establish the cause of action which the plaintiff seeks to state. (*Segall v. Berkson* (1985), 139 Ill. App. 3d 325, 328, 487 N.E.2d 752, 754.) A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. (*Ogle v. Fuiten* (1984), 102 Ill. 2d 356, 466 N.E.2d 224; *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) The standard of review on appeal is whether the complaint alleged facts which sufficiently state a cause of action. *Carlinville National Bank v. Rhoads* (1978), 63 Ill. App. 3d 502, 380 N.E.2d 63.

■■ ■ A review of counts IV and V, together with the legal principles relating to motions to dismiss, reveals that the allegations are insufficient to state a cause of action against the hospital. A hospital is not an insurer of a patient's safety, but it owes him a duty of protection and it must exercise a degree of reasonable care toward him as his known condition requires. (*Pickle v. Curns* (1982), 106 Ill. App. 3d 734, 435 N.E.2d 877.) As a general rule, the decision to treat a patient in a particular matter is a medical question entirely within

the discretion of the treating physician, not the hospital (*Johnson v. St. Bernard Hospital* (1979), 79 Ill. App. 3d 709, 399 N.E.2d 198), and traditionally it has been held that a hospital is not liable for acts of one who renders medical care as an independent agent outside the control of the hospital (*Hundt v. Proctor Community Hospital* (1972), 5 Ill. App. 3d 987, 284 N.E.2d 676; *Stein v. Baum* (1967), 89 Ill. App. 2d 142, 232 N.E.2d 96). However, a hospital may be liable for injuries suffered by a patient in its care under two distinct theories. The hospital may be liable for a physician's misconduct on a *respondeat superior* theory when an employer-employee or principal-agent relationship is present or for the violation of an independent duty owed by the hospital to review and supervise medical care administered to the patient. (*Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253, *cert. denied* (1966), 383 U.S. 946, 16 L. Ed. 2d 209, 86 S. Ct. 1204; *Ingram v. Little Co. of Mary Hospital* (1982), 108 Ill. App. 3d 456, 438 N.E.2d 1194.) There is no duty on the part of the hospital, however, to insure that each of its staff physicians will always perform his duty of due care to his patient. (*Pickle v. Curns* (1982), 106 Ill. App. 3d 734, 435 N.E.2d 877; *Barton v. Evanston Hospital* (1987), 159 Ill. App. 3d 970, 513 N.E.2d 65.)In the instant case, counts IV and V fail to sufficiently allege a cause of action against the hospital under either of the aforementioned theories. Moreover, the allegations in counts IV and V are conclusory and are unsupported by allegations of specific facts upon which the conclusions rest. As plaintiff failed to allege a cognizable theory of liability and because the allegations were largely conclusory and unsupported, the trial court was correct in dismissing counts IV and V on motion by the hospital. We note that dismissal with prejudice was not required, as will be discussed. We also note that the court's last order stated that these counts were dismissed with prejudice *pursuant to section 2—622.* We believe this was an oversight on the part of the trial court, however, because nowhere in any of its rulings does the court indicate that the counts against the hospital were dismissed as a result of plaintiff's failure to comply with section 2—622.

■■ Finally, plaintiff argues that the trial court erred in dismissing counts III (Burnett), IV (Ingalls and hospital) and V (hospital), with prejudice. Plaintiff relies upon the supreme court's decision in *McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 520 N.E.2d 293. In the case at bar, the trial court initially determined that dismissal of the aforementioned counts, with prejudice, was inappropriate and the court granted the plaintiff leave to amend. The hospital then filed a

motion for rehearing or, alternatively, clarification of the court's dismissal order. Upon further review, the court determined that the legislature intended that a failure to comply with section 2—622 of the Code requires a dismissal with prejudice under section 2—619. Ill. Rev. Stat. 1985, ch. 110, pars. 2—622, 2—619.

■■ A review of the court's order clearly demonstrates that the court believed any dismissal under section 2—622 had to be a dismissal with prejudice. The supreme court was confronted with a similar situation in *McCastle*. The supreme court determined from the record in *McCastle* that the trial court believed it had no discretion but to dismiss the action with prejudice and viewed the dismissal with prejudice as statutorily required. The court then examined the legislative history of section 2—622 and determined that the legislature did not intend to require dismissals with prejudice. The supreme court stated that requiring section 2—622 dismissals be with prejudice "would be a triumph of form over substance. It would elevate a pleading requirement designed to reduce frivolous lawsuits into a substantive defense forever barring plaintiffs who initially fail to comply with its terms. We decline to ascribe such intentions to the legislature." (*McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 193, 520 N.E.2d 293, 296.) Thus, the court held that the decision whether to grant leave to amend the pleadings is within the sound discretion of the trial court and section 2—622 does not require dismissal with prejudice. As the trial court in *McCastle* proceeded under the erroneous belief that it did not have discretion and that section 2—622 required dismissal with prejudice, the court's dismissal order was vacated and the cause remanded for further consideration. The same is true here. The record indicates the trial court erroneously believed that a dismissal under section 2—622 had to be a dismissal with prejudice. Because the trial court acted under the misapprehension that it did not have discretion, the dismissal order should be vacated and the cause remanded.

Defendants assert that *McCastle* does not apply. Defendants argue the instant case differs from *McCastle* in that here the plaintiff never sought leave to amend the complaint or written report. Defendants assert that *McCastle* does not reach this type of situation. Defendants argue further that the defects in the *McCastle* pleading, *i.e.*, no affidavit or written report was filed, could easily be corrected by amendment. Defendants maintain that here, however, the written report failed to mention several defendants and this was a defect that could not be corrected. Defendants conclude that *McCastle* should not apply beyond its own facts, which involved "a simple act of omitting to file

supporting documents, which the court said could be corrected by granting leave to amend."

A full reading of *McCastle* reveals that the defendants' contentions are unpersuasive. In reaching its decision, the *McCastle* court relied heavily upon the legislative history of section 2—622. The court pointed out that during legislative debate, one of the sponsors of section 2—622 indicated that the court had the authority to grant leave to file an amended complaint with new affidavits where the plaintiff decides to alter his theory of liability. The court set forth the following exchange that took place between a sponsor of section 2—622, Representative Daniels, and Representative Preston:

> "Representative Preston: *** What happens in the case after you enter into discovery, you then find out, which is frequently the situation, that at that point you want to rely on the doctrine of res ipsa loquitur, where you hadn't discovered that prior to the filing of the complaint?
>
> Representative Daniels: You would amend the complaint with a new consulting physician's report.
>
> Representative Preston: Well, but after discovery has been entered into and there's been preliminary motions, you then need leave of court, do you not, to amend the complaint? It's not of right that you can amend the complaint at that time.
>
> Representative Daniels: You would need leave of court. You would have to show good cause to the court.
>
> Representative Preston: And the court can deny that, I assume.
>
> Representative Daniels: I think the Judge would do the right thing." (84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 385-86.)

In view of the legislative debate, including the foregoing exchange, the court reasoned:

> "In our view, it is unlikely that the legislature intended that the court have discretion to grant leave to file an amended complaint where the plaintiff seeks to amend the affidavits but not where the plaintiff neglects to file the affidavits originally. It seems unlikely that the legislature would entrust such discretion to the trial judge where the plaintiff seeks to proceed on a new theory of liability while mandating dismissal with prejudice for inadvertent omission of the affidavits. Moreover, we have held that an act of the legislature will not be construed so as to lead to absurd, inconvenient or unjust consequences (*People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305, 312-13) and such

would be the consequence if here the court were without authority to permit amendments to add the necessary affidavits.'' (*McCastle*, 121 Ill. 2d at 193, 520 N.E.2d at 296.) Thus, the supreme court anticipated several situations, other than the one before it, in which a trial court would have discretion to grant leave to amend. There appear to be no significant distinctions between *McCastle* and the case at bar which would render the *McCastle* holding inapplicable here. Accordingly, the trial court here had the discretion to allow the plaintiff to file an amended complaint, affidavit or written report. The fact that the plaintiff did not request leave to amend would not have precluded the court from exercising such discretion under the circumstances here.

For all of the foregoing reasons, the order of the trial court, dismissing the plaintiff's complaint with prejudice, is vacated and the cause is remanded for further consideration consistent with the views expressed herein.

Order vacated and remanded.

McCULLOUGH and KNECHT, JJ., concur.