ELIZABETH CRONIC, Plaintiff-Appellant, v. J. RICHARD DOUD, Defendant (Brokaw Hospital, Defendant-Appellee).—JO ANN FITZGERALD, Plaintiff-Appellant, v. J. RICHARD DOUD, Defendant (Brokaw Hospital, Defendant-Appellee).—JAMES JENNINGS, Plaintiff-Appellant, v. J. RICHARD DOUD, Defendant (Brokaw Hospital, Defendant-Appellee).—SHEREE EADS, Plaintiff-Appellant, v. J. RICHARD DOUD, Defendant (Brokaw Hospital, Defendant-Appellee).—LAVON SOTELO, Plaintiff-Appellant, v. J. RICHARD DOUD, Defendant (Brokaw Hospital, Defendant-Appellee).—LARRY WEBB, Plaintiff-Appellant, v. J. RICHARD DOUD, Defendant (Brokaw Hospital, Defendant-Appellee).

Fourth District   Nos. 4—87—0714 through 4—87—0719 cons.

Opinion filed April 28, 1988.—Rehearing denied June 2, 1988.

Jeffrey B. Rock, of. Harvey & Stuckel, Chartered, of Peoria, for appellants.

Peter W. Brandt, Susan H. Brandt, and Christopher L. Nyweide, all of Bloomington, for appellee.

JUSTICE LUND delivered the opinion of the court:

Six causes have been consolidated because the issues raised by the plaintiffs are identical. Plaintiffs alleged medical malpractice in their complaints filed against Dr. J. Richard Doud and Brokaw Hospital (hospital). The hospital filed motions for summary judgment. The circuit court of McLean County granted the motions in these six cases. Plaintiffs then filed motions for rehearing with the request to add a supplemental affidavit from their expert witness. The trial court denied these motions and made a finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) permitting an immediate appeal.

Plaintiffs argue two errors on appeal: (1) the trial court erred in granting summary judgment, as the hospital should have been on notice of possible malpractice because of the inordinate number of surgeries performed; and (2) the trial court erred in denying plaintiffs' motion for rehearing. The facts and issues in these consolidated cases are nearly identical to the six consolidated causes in *Reynolds v. Mennonite Hospital* (1988), 168 Ill. App. 3d 575. In *Reynolds*, we upheld the trial court's grant of summary judgment in those medical mal-

practice actions. However, plaintiffs in these cases alleged additional facts which required us to hold in their favor and against defendant hospital. Because we find the court erred in granting summary judgment, we need not consider the question of plaintiffs' motion for rehearing.

Plaintiffs went to Dr. Doud for treatment of injuries and recurring pain. Doud in each case diagnosed thoracic outlet syndrome and performed rib resection surgery at Brokaw Hospital. Plaintiffs allege in their complaints that the diagnoses were improper and the surgeries were unnecessary. Plaintiffs further allege the surgeries were performed negligently.

As to Brokaw Hospital, plaintiffs allege the hospital failed to "review and supervise the work of those physicians holding staff privileges within the hospital, so as to insure their competency to diagnose, treat, and perform surgery so that unnecessary surgery would not be performed." Plaintiffs allege the hospital failed to follow its medical staff bylaws requiring ongoing evaluations of the performance of the surgeons. In addition, plaintiffs allege the number of rib resections performed was far greater than what could reasonably be expected in a hospital such as Brokaw, and in a community such as Bloomington-Normal.

Plaintiffs provided the affidavit of Dr. Arthur Kaufman. Dr. Kaufman was employed in an administrative capacity with the Federal government. He designs and reviews hospital quality control programs. In his affidavit, Kaufman discussed the hospital's failure to conform to acceptable standards of certification and evaluation of surgeons. Kaufman also stated the following:

"16. I have reviewed the numbers of patients admitted to Defendant Hospital with a diagnosis of Thoracic Outlet Syndrome and the number of surgeries performed by Defendant Doud in the calendar years 1977 through 1985. ***

17. In the experience of this Affiant, these numbers represent a dramatic progression in the number of procedures performed for Thoracic Outlet Syndrome. The numbers of procedures performed are far greater than what could reasonably be expected in a hospital such as the Defendant and in a community such as Bloomington/Normal.

18. The failure to perform the continuing surveillance of the medical staff as required by its own bylaws and the failure to recognize a dramatic and unexplained increase in the amount of procedures performed for Thoracic Outlet Syndrome constitutes a deviation from the standard of care.

19. Had the proper surveillance been performed, the Defendant Hospital would have known that the Defendant Physician was performing an inordinate amount of procedures. The Defendant Hospital should have limited or revoked the privileges of the Defendant Physician to perform this procedure. At the very least, a protocol should have been developed before any further procedures were undertaken by the Defendant Physician."

In sum, Kaufman states that the number of surgeries performed for thoracic outlet syndrome by Dr. Doud was significantly high enough to put the hospital on notice that something might be wrong.

Upon motions by the hospital, the court granted summary judgment. The court noted Dr. Kaufman's opinion "that an excessive number of operations were performed with this diagnosis; the numbers performed should have alerted the hospital to its need to review these cases; and the hospital after such a review would have limited or revoked the privileges of the operating doctor." Nevertheless, the court found that there were no "facts to demonstrate that there were circumstances existing prior to this Plaintiff's surgery that would have caused the Defendant hospital to limit or revoke the physician's privileges to operate." These findings were made in each case. The court then found the alleged breach of duty by the hospital could not be a proximate cause of plaintiffs' injuries.

■ Summary judgment should be granted only when the pleadings, depositions, and admissions, together with any affidavits, show there is no genuine issue as to a material fact, and that the movant is entitled to judgment as a matter of law. (*Clifford-Jacobs Forging Co. v. Capital Engineering & Manufacturing Co.* (1982), 107 Ill. App. 3d 29, 33, 437 N.E.2d 22, 25.) In this case, we find the pleadings and the affidavit of Dr. Kaufman raise a genuine issue as to a material fact.

■■ ■ A hospital has a duty to know the qualifications and the standard of performance of the physicians who practice on its premises. (*Pickle v. Curns* (1982), 106 Ill. App. 3d 734, 739, 435 N.E.2d 877, 881.) Our holding in *Reynolds* makes it clear that before the hospital can be held liable for breaching this duty, the hospital must be put on notice of the performance of wrongful acts. (*Reynolds v. Mennonite Hospital* (1988), 168 Ill. App. 3d 575; see also *Pickle*, 106 Ill. App. 3d at 739, 435 N.E.2d at 881; *Fiorentino v. Wenger* (1967), 19 N.Y.2d 407, 415, 227 N.E.2d 296, 299, 280 N.Y.S.2d 373, 378.) Plaintiffs allege through the affidavit of Dr. Kaufman that the hospital was put on notice of possible malpractice by the fact rib resection surgeries increased dramatically. Plaintiffs allege the hospital should have

investigated the increase in surgeries performed by Dr. Doud, as it was under a duty to do. Had it done such an investigation, according to Dr. Kaufman, it would have limited Dr. Doud's surgical privileges. Plaintiffs might not have undergone unnecessary surgery. We find these allegations sufficient to establish a factual issue pertaining to liability against the hospital, and summary judgment was not proper in these cases.

Accordingly, we reverse the orders of the circuit court of McLean County granting summary judgment in these six cases.

Reversed.

GREEN, P.J., and McCULLOUGH, J., concur.