CHARLENE WYNTER, Plaintiff-Appellee, *v.* ROY E. WYNTER, Defendant-Appellant.

Third District   No. 77-107

Opinion filed October 19, 1977.

John V. Hanson, of Hanson and Hanson, of Morris, for appellant.

Richard R. Wilder, of Morris, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Charlene Wynter and defendant Roy E. Wynter were married in New York in 1972 and lived in Brooklyn, New York, until plaintiff left the marital home on August 4, 1975, and returned to her parents' home in Grundy County, Illinois. A daughter, who was born to the parties in 1974, was brought to Illinois by plaintiff. Plaintiff filed suit for divorce in the Circuit Court of Grundy County, alleging defendant's cruelty and desertion.

Defendant was personally served in New York on September 7, 1976, and he promptly retained New York counsel who agreed to obtain Illinois counsel for defendant, but who failed to do so. Defendant wrote personal letters dated September 28, 1976, to both plaintiff's attorney and the court stating his intention to contest the divorce. In a letter dated October 6, 1976, defendant's New York attorney wrote to the court requesting a one-month continuance to give defendant time to file an answer to the complaint. Although this letter was in the court file, it apparently was not called to the attention of the trial judge. On October 21, 1976, without notice to defendant, the court entered a default decree granting plaintiff a divorce, awarding custody of the child to plaintiff, requiring defendant to pay child support and to provide medical insurance, and reserving the question of alimony. After defendant received a copy of the decree by

mail, he consulted another New York attorney who obtained Illinois counsel for defendant. Defendant's petition to vacate the default decree was filed on November 19, 1976, which was less than 30 days after entry of the decree, as required by section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 50(5).)

Section 50(5) provides:

> "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

In his petition defendant alleged a bona fide defense to the complaint for divorce and stated that "by reason of his ignorance and unfamiliarity with the practice and procedures of this court he failed to file the proper pleadings herein." At the hearing on his petition to vacate, defendant testified to his unsuccessful efforts to obtain Illinois counsel in order to file a timely answer to plaintiff's complaint. The court denied defendant's petition for reason that the evidence did not establish that defendant was diligent.

Defendant appeals from the order denying his petition to vacate, contending that substantial justice was not done between the parties. He argues that the facts show that he exercised considerable diligence in attempting to respond to the complaint and that he was misled by the first attorney he consulted in New York. Plaintiff insists that defendant knew the deadline for filing an answer, knew that he lacked the requisite Illinois counsel, and yet did nothing after being shown the October 6 letter by his attorney.

■■ The vacation of a default judgment is governed by the principles announced in *People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 406, 270 N.E.2d 841, 843, as follows:

> "The overriding consideration now is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits."

The supreme court recently reaffirmed the "substantial justice" test in *Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 349 N.E.2d 52.

■■ In the case at bar, defendant attempted to make a timely defense to plaintiff's divorce action, and plaintiff's counsel knew of defendant's intention to contest the matter. For some reason not explained in the record, the trial judge was not aware of the letter seeking a continuance which was in the court file. Under these circumstances, we believe justice would best be served if a trial on the merits were held, and we further

find that such a trial would not impose an unreasonable burden on plaintiff who resides in Grundy County.

■■ We also note defendant's contention that the trial court lacked *in personam* jurisdiction over him and therefore that the divorce decree was void as to matters involving child support, child custody, and alimony. Plaintiff has admitted that the trial court lacked jurisdiction as to child support and alimony, but insists that the child custody decree was not void. Because we have decided that the default divorce decree should be vacated and the cause remanded for a trial on the merits, the jurisdictional issue is now moot. At oral argument before this court, defendant conceded that, as to future proceedings, the Circuit Court of Grundy County would have personal jurisdiction over him because his motion to vacate the default decree amounted to a general appearance.

The fact that a portion of the decree was admittedly void is one more indication that substantial justice would be done by vacating the default decree.

For the reasons given, the order of the Circuit Court of Grundy County is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

ALLOY and STOUDER, JJ., concur.