ADAM PETERSON, a Minor, by his Father and Next Friend, Paige Peterson, *et al.*, Plaintiffs-Appellants, v. HINSDALE HOSPITAL *et al.*, Defendants-Appellees.

Second District   No. 2—91—1079

Opinion filed August 27, 1992.

Michael J. Staab, of Steinberg, Polacek & Goodman, and David A. Novoselsky, of David A. Novoselsky & Associates, both of Chicago, for appellants.

D. Kendall Griffith and Alice Kehl Kush, both of Hinshaw & Culbertson, Gail Allyn Omahana, of Landau, Omahana & Kopka, Ltd., and Gessler, Flynn, Fleischmann, Hughes & Socol, Ltd., all of Chicago, Douglas J. Esp and Robert G. Black, both of Hinshaw & Culbertson, of Lisle, and Johnson & Bell, of Wheaton, for appellees.

JUSTICE GEIGER delivered the opinion of the court:

On November 2, 1989, the plaintiffs, Adam Peterson, a minor, by his father and next friend, Paige Peterson, and Paige Peterson and Helen Peterson individually, brought a complaint in four counts against Hinsdale Hospital, three of its nurses, and several pediatricians and an orthopedic surgeon. They complained of medical malpractice that allegedly resulted in a broken femur of Adam Peterson. On motion of the defendants, the circuit court of Du Page County dismissed the complaint with prejudice because the plaintiffs had failed to comply with section 2–622 of the Code of Civil Procedure (section 2–622) (Ill. Rev. Stat. 1991, ch. 110, par. 2–622). The court subsequently denied the plaintiffs' motion for leave to file a first and second amended complaint and a motion to reconsider the court's previous dismissal. The plaintiffs appeal from both decisions. Additionally, the plaintiffs argue that they were denied equal protection under the law due to disparate treatment of section 2–622 by the Illinois Appellate Court.

The plaintiffs originally filed their cause of action in the circuit court of Cook County. The defendants moved to change the venue to Du Page County pursuant to sections 2–101 and 2–102 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, pars. 2–101, 2–102), because all named defendants resided in Du Page County, and all events at issue occurred within Du Page County. On October 9, 1990, the circuit court of Cook County granted all motions to transfer venue

and ordered the matter sent to the circuit court of Du Page County. The case was transferred on December 17, 1990.

On January 16, 1991, the defendants moved to dismiss the complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619), due to the plaintiffs' failure to attach the requisite certificates of merit and affidavit required by section 2—622. The court entered an order requiring the plaintiffs to comply with section 2—622 within 28 days. Pursuant to that order, the plaintiffs filed an attorney affidavit and a physician's report on February 22, 1991. Several defendants then renewed their motions to dismiss, arguing that the plaintiffs still had not satisfied the requirements of section 2—622.

On April 9, the plaintiffs filed an amended complaint (first amended complaint), without leave of court, which added an additional claim based on *res ipsa loquitur* as well as an amended affidavit and physician's report. On May 7, following arguments, the court issued a letter of opinion stating that the plaintiffs had failed to comply with the requirements of section 2—622, that the plaintiffs were still standing on their original affidavit and report, and that more than ample time had transpired for compliance with section 2—622. On May 9, the court entered an order dismissing the plaintiffs' cause of action with prejudice as against all of the defendants.

On June 7, 1991, the plaintiffs filed a motion for leave to file a second amended complaint *instanter*, and a motion to reconsider the court's earlier order dismissing the plaintiffs' complaint. The court issued an opinion denying relief to the plaintiffs, stating that the plaintiffs did not comply with section 2—622. The court thereafter denied the plaintiffs' motion to file the first amended complaint that originally was filed on April 9, 1991, without leave of court. The plaintiffs timely appealed these decisions.

The plaintiffs first argue that the trial court erred in dismissing their complaint with prejudice, asserting that the court abused its discretion.

■ As the plaintiffs correctly note, the purpose of section 2—622 is to deter the filing of frivolous medical malpractice lawsuits and to insure the meritoriousness of those causes which are filed. (*Wasielewski v. Gilligan* (1989), 189 Ill. App. 3d 945, 949.) Section 2—622(a) requires that a medical malpractice plaintiff or attorney attach an affidavit to the complaint declaring the affiant has consulted with a health care professional who has determined, by written report, "that there is a reasonable and meritorious cause for the filing of such an action." (Ill. Rev. Stat. 1991, ch. 110, par. 2—622(a)(1).) A

copy of the written report, "clearly identifying the plaintiff and the *reasons* for the reviewing health professional's determination," must be attached to the affidavit. (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 110, par. 2—622(a)(1).) A written report shall be filed "as to *each* defendant" named in the complaint. (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 110, par. 2—622(b).) The failure to file the certificate and written report required by section 2—622 "shall be grounds for dismissal under Section 2—619." Ill. Rev. Stat. 1991, ch. 110, par. 2—622(g).

■ Noncompliance with section 2—622 does not require dismissal with prejudice for noncompliance; the trial court has the authority to grant leave to file an amended complaint with new affidavits. (*McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 192-93.) However, the determination of whether to dismiss an action with or without prejudice is within the sound discretion of the trial court. (*Cato v. Attar* (1991), 210 Ill. App. 3d 996, 999.) Where the court takes the particular facts and unique circumstances of the case into consideration before determining that the complaint should be dismissed with prejudice, the court's determination is not an abuse of discretion. (*Wasielewski*, 189 Ill. App. 3d at 950.) Absent a manifest abuse of discretion, the trial court's determination will not be reversed on appeal. *McCastle*, 121 Ill. 2d at 194.

The facts in the case at bar reveal that the plaintiffs were given 28 days to file a section 2—622 affidavit and physician's certificate after the defendants initially moved for a dismissal. The first certificate filed by the plaintiffs stated that the doctor reviewing the case specialized in the field of obstetrics and gynecology. The certificate also contained the following language:

> "In connection with medical care and treatment that [the plaintiffs] received at Hinsdale Hospital and by William B. Senica, M.D.; Peggy Supple, M.D.; Kamal Ibrahim, M.D.; Ofelia Barrios Ayuste, M.D.; Betty Grammich, R.N.; K. Carlson, R.N.; and C. Goy, R.N.; ***. A reasonable and meritorious cause for filing of an action for medical negligence exists. My review of the medical records has shown that Adam Peterson was born in a Frank's breech position. It was later determined that Adam Peterson suffered bilateral femoral fracture. It is not customary in a breech delivery to have bilateral femoral fracture without a traumatic delivery secondary to inappropriate delivery techniques being used. Furthermore, there was a delayed diagnosis in determining that Adam Peterson suffered bilateral femoral fractures."

In granting the defendants' motion to dismiss, the court, on May 7, 1991, stated that the defendants were entitled to separate reports as to each of them, setting forth what they each allegedly did wrong. The judge stated that because the counts were against obstetricians, pediatricians and nurses, there had to be separate certificates for each specialized category of defendant. Additionally, the court agreed with the defendants that they were entitled to doctor certifications which set forth the reasons for the expert's determination that the suit is meritorious. The judge also determined that the plaintiffs were still standing on the original physician's report and had ample time to comply with the requirements of section 2—622.

The plaintiffs assert that the basis for the doctor's determination of meritoriousness was adequately set out in the report. The plaintiffs cite to *Alford v. Phipps* (1988), 169 Ill. App. 3d 845, 854, for the proposition that a broad conclusion that "malpractice has occurred" is sufficient to satisfy the requirements of section 2—622(c). However, this case is distinguishable because *Alford* pertained only to the requirements of a *res ipsa loquitur* malpractice claim. (*Alford*, 169 Ill. App. 3d at 855.) The plaintiff asserts that the court had before it a first amended complaint which added an additional claim of *res ipsa loquitur* when it decided the motion. However, as noted by the defendants, there is no motion of record for a leave to file the first amended complaint until September 19, 1991, four months after the motion to dismiss was granted.

■ Where *res ipsa loquitur* is not alleged (see *Alford*, 169 Ill. App. 3d at 854), the physician's report must clearly identify the reasons for the health professional's determination that there is a meritorious cause of action (*Premo v. Falcone* (1990), 197 Ill. App. 3d 625, 631). In *Premo*, the physician's report stated that the reasons for his determination were "based on the inappropriate interpretation of clinical evidence of fetal stress and distress during labor," and "[i]nappropriate actions were taken to intervene and to provide appropriate medical care and treatment." (*Premo*, 197 Ill. App. 3d at 632.) The *Premo* court noted that the report never discussed what those appropriate actions were and that it therefore failed to adequately state a basis for the determination of the physician. *Premo*, 197 Ill. App. 3d at 632.

The first physician's report in the instant case, similar to the report in *Premo*, merely stated that "[i]t is not customary in a breech delivery to have a bilateral femoral fracture [*sic*] without a traumatic delivery secondary to inappropriate delivery techniques being used." The report also stated that there was a delayed diagnosis in determin-

ing that Adam suffered from the fractures. However, the report did not discuss what actions were inappropriate and gave rise to the physician's opinion. Therefore, we find that the judge's determination that the report did not adequately set forth the reasons for the physician's determination was not an abuse of discretion. See *McCastle*, 121 Ill. 2d at 194.

■ The plaintiffs also assert that it was not necessary to file separate reports as to each defendant. In a cause of action where charges of negligence are the same as to each defendant, and where they are sufficiently broad, a single report is sufficient to cover several defendants. (*Relaford v. Kyaw* (1988), 173 Ill. App. 3d 1034, 1040.) However, where confusion would result if the plaintiff failed to file separate physician's reports, the judge may, within his discretion, require separate reports. (*Relaford*, 173 Ill. App. 3d at 1040, citing *Alford*, 169 Ill. App. 3d at 845.) We find that the judge's determination, as to the original complaint filed, that each defendant was entitled to a separate report was not an abuse of discretion. *McCastle*, 121 Ill. 2d at 194.

The court determined that the plaintiffs' claim was deficient because there were not adequate reports and affidavits as required by section 2—622. The court noted that, despite the fact that the case was originally filed in a circuit which had determined that section 2—622 was unconstitutional and unnecessary, the case had been pending in Du Page County in excess of four months and the plaintiffs still had not properly submitted sufficient affidavits and reports.

As the court took the particular facts and circumstances of this case into consideration when it dismissed the claims with prejudice (see *Wasielewski*, 189 Ill. App. 3d at 950), we cannot find that the court's determination was a manifest abuse of discretion. *McCastle*, 121 Ill. 2d at 194.

■ The plaintiffs next argue that the court abused its discretion in refusing to allow them to file an amended complaint. The plaintiffs assert that, because the amended complaint asserted the theory of *res ipsa loquitur*, the physician's report should have been sufficient.

As correctly noted by the plaintiffs, in a medical malpractice case, the plaintiff should be afforded every reasonable opportunity to establish his case. (*Moss v. Gibbons* (1989), 180 Ill. App. 3d 632, 638.) Accordingly, amendments to pleadings are to be liberally allowed to enable medical malpractice actions to be decided on their merits rather than on procedural technicalities. *Moss*, 180 Ill. App. 3d at 638.

The doctrine of *res ipsa loquitur* is a method of proving negligence by circumstantial evidence when the knowledge of whether neg-

ligence occurred is much more available to the opponent than the proponent (*Daly v. Carmean* (1991), 210 Ill. App. 3d 19, 25), and it is available to a plaintiff in a medical malpractice action (*Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 394). In order to invoke the doctrine, a plaintiff must demonstrate, in part, that he was injured: (1) in an occurrence that ordinarily does not happen in the absence of negligence; and (2) by an agency or instrumentality within the defendant's exclusive control. (*Gatlin v. Ruder* (1990), 137 Ill. 2d 284, 295.) Proof of an unusual, unexpected or untoward medical result which ordinarily does not occur in the absence of negligence will suffice in the application of the doctrine. See Ill. Rev. Stat. 1991, ch. 110, par. 2—1113.

In the present case, the plaintiffs sought leave to file an amended complaint which contained new counts based on the doctrine of *res ipsa loquitur*, along with amended affidavits and physician's reports. The amended complaint contained a separate physician's report as to each defendant as well as the required language, pursuant to section 2—622(c), that "negligence has occurred in the course of medical treatment." Ill. Rev. Stat. 1991, ch. 110, par. 2—622(c).

In the court's opinion letter, the court stated that its refusal to permit the plaintiffs to file the amended complaint was based in part on its determination that the physician's certificate *originally* filed was insufficient to support a claim under the doctrine of *res ipsa loquitur*. The court did not discuss why the amended physician's certificates were not sufficient, but only referred to the original physician's report. The court also stated that the defendants were entitled to separate physician's reports and reports which state what each defendant did wrong.

We find that the amended complaint, affidavits and physician's reports sufficiently complied with the requirements of section 2—622 and that the court abused its discretion when it did not allow the plaintiff leave to amend. Because the amended complaint alleged *res ipsa loquitur*, a broad general conclusion that malpractice has occurred was sufficient to satisfy section 2—622 even without further mention of each defendant's involvement. (See *Alford*, 169 Ill. App. 3d at 854.) To require otherwise would be contrary to the legislative intent of deciding malpractice cases on their merits (see *Moss*, 180 Ill. App. 3d at 638) and would render the doctrine of *res ipsa loquitur* meaningless in malpractice actions. Under any other analysis, *res ipsa loquitur* actions, by definition, could never meet the section 2—622 requirement that a plaintiff file a written report including the reasons for the determination that the action is meritorious. Considering that analysis, plus the fact that the plaintiffs' amended complaint contains

separate physician's reports as to each separate defendant, we find that the court abused its discretion in denying the plaintiffs leave to amend.

Based on our foregoing determination to reverse the decision of the trial court, we need not address the plaintiffs' last argument that they were denied equal protection under the law.

For the above-stated reasons, we reverse the decision of the circuit court of Du Page County which denied the plaintiffs leave to file an amended complaint and affidavits and physician certificates. We remand for further proceedings consistent with this decision.

Reversed and remanded.

WOODWARD and NICKELS, JJ., concurs.