MARJORIE WINTERS *et al.*, Plaintiffs-Appellants, v. JOHN E. POD-ZAMSKY *et al.*, Defendants (St. Mary's Hospital, Defendant-Appellee).

Third District  No. 3—92—0638

Opinion filed September 10, 1993.

Louis E. Olivero & Associates, of Peru (Louis E. Olivero, of counsel), for appellants.

Myers, Daugherity, Berry & O'Conor, Ltd., of Ottawa (Richard J. Berry, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

Marjorie Winters and Don Winters, plaintiffs, appeal from the dismissal with prejudice of their medical malpractice cause of action against St. Mary's Hospital of Streator, Illinois, for failure to comply with the requirements of section 2—622 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—622).

Plaintiffs contend (1) that the trial court abused its discretion in dismissing with prejudice their second and third amended complaints against the hospital, (2) that section 2—622 does not apply to a cause alleging the inadequacy of a patient's informed consent, and (3) that their motion to reconsider and motion for leave to file a fourth amended complaint should not have been denied. We affirm the judgment of the trial court.

In order to understand the issues on appeal, the history of this litigation must be examined. According to plaintiffs' first complaint, Marjorie Winters consulted Dr. John E. Podzamsky at his office in Minonk, Illinois, on October 10, 1989, at which time he undertook to remove surgically a growth or discoloration from her left leg. Dr. Podzamsky allegedly was unable to stop the bleeding and sent Marjorie to St. Mary's Hospital in Streator for further treatment by Dr. Caber Celebouglu, a surgeon, who was able to close the wound. Dr. Podzamsky submitted some tissue from the lesion to the Stroink Pathology Laboratory in Bloomington, Illinois, and received a written report stating: "Superficial spreading malignant melanoma from skin of back of left lower leg, level of invasion II, penetration 0.26 mm., margins free."

Plaintiffs further alleged that Dr. Celebouglu, assisted by Dr. Podzamsky, performed subsequently a wide local excision with a skin graft at St. Mary's Hospital on October 24. Prior to the surgical procedure, St. Mary's hospital pathology laboratory examined the same tissue specimen slides as had been examined by Stroink Laboratory and prepared a written report dated October 19, stating:

"1. Superficial spreading malignant melanoma, skin of back of left lower leg, Clark Level IV.

2. Breslow depth of maximum invasion is up to 0.75 mm."

Plaintiffs also aver that, as a result of the negligent acts of Dr. Podzamsky and Dr. Celebouglu, Marjorie's condition was misdiagnosed, the surgery was unskillfully performed, a nerve in her leg was injured, and as a result she is disfigured, crippled and disabled. Other counts allege that both doctors failed to explain fully the proposed procedure and to inform Marjorie of the risks and available alternatives.

The counts against the hospital asserted in part that the hospital permitted surgery to be performed without Marjorie's informed consent, permitted the surgery when it was not necessary or required, and failed to call for a consultation by a trained pathologist to confirm the diagnosis of a level IV malignant melanoma.

Plaintiffs filed an attorney's affidavit asserting that the facts had been reviewed by a qualified health professional and that there was a reasonable and meritorious cause for filing the action. The health professional's report indicated that resections of a possible malignant melanoma should not be attempted as an office procedure, that such procedures should not be attempted by physicians without appropriate experience, and that there was a difference of opinion in the two pathology reports.

Defendant hospital's motion to dismiss the complaint was allowed on the ground that plaintiffs had failed to file a separate affidavit and health professional report for each defendant. Plaintiffs were allowed 28 days to file the required documents. Plaintiffs then filed an amended complaint, attorney's affidavits for each defendant, and two versions of the health professional's report. Defendant hospital again moved to dismiss for reason that the health professional's report did not disclose any negligence on the part of the hospital. The relevant report stated that the *surgeon* should have sought a third opinion when confronted with the confusion of two pathology reports finding different depths of the melanoma.

Again, the hospital's motion to dismiss was granted and plaintiffs were given 28 days to file an amended complaint. Subsequently, the second amendment to the complaint was filed along with a fourth version of the health professional's report. The complaint now alleged that the hospital employed incompetent pathologists and failed to supervise their conduct, but nothing in the health professional's report related to any such deficiencies in the hospital's conduct. The report reviewed in more detail the two pathology reports received before the October 24 surgery and then stated that Marjorie's hospital chart does not contain documentation to indicate that Dr. Celebouglu advised the patient of the conflicting pathology reports or the proposed

procedure and risks of complications. The report also said that the chart did not document that the hospital obtained a consent from Marjorie which provided her with sufficient information to make an informed decision.

Once more, defendant hospital moved to dismiss on the ground that the health professional's report failed to set forth a meritorious cause of action against the hospital in that it only notes that the two pathology reports were confusing and conflicting. The motion also asserted that the hospital has no legal duty to obtain the patient's consent. After a hearing on the motion, the trial court dismissed the cause of action against the hospital with prejudice, stating that the report does not have enough in it to allow plaintiffs to go forward against the hospital. The health professional's comments concerning lack of documentation as to what Dr. Celebouglu told Marjorie before surgery were held to be insufficient. The court stated that there has to be an end to litigation and that plaintiffs have been given enough chances to amend. Thus the dismissal order did not allow another amendment.

Counsel for plaintiffs then filed a motion to reconsider the dismissal and offered a fourth amendment to the complaint, this time arguing that plaintiffs did not need to provide a health professional's report when challenging the hospital's failure to require an informed consent because that involved ordinary negligence based on a violation of the hospital's rules and regulations, not negligent medical care. The trial court looked at the new allegations in the fourth amended complaint and concluded that all of them related to informed consent issues. Since section 2—622 expressly applies to a complaint where plaintiffs rely on the doctrine of informed consent, plaintiffs' failure to satisfy the requirements of section 2—622 was held to defeat their claim. After the trial court denied the motion to reconsider and refused leave to file the fourth amendment to the complaint, plaintiffs filed a supplemental motion to reconsider. That was also denied, and this appeal followed.

Section 2—622 provides:

"Healing art malpractice. (a) In any action, whether in tort, contract, or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney *** shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional ***; that the reviewing

health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. \*\*\* A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit \*\*\*.

\* \* \*

(d) When the attorney intends to rely on the doctrine of failure to inform of the consequences of the procedure, the attorney shall certify upon the filing of the complaint that the reviewing health professional has, after reviewing the medical record and other relevant materials involved in the particular action, concluded that a reasonable health professional would have informed the patient of the consequences of the procedure." Ill. Rev. Stat. 1991, ch. 110, par. 2—622.

Plaintiffs do not argue on appeal that the trial court erred in dismissing their second and third amended complaints. Quite clearly, the health professional's reports attached to those complaints merely commented on the confusion of the differences in the findings of two different pathologists as to the depth of the melanoma and stated that the surgeon should have sought a third opinion. Nothing in the reports set forth any reason for bringing an action against the hospital. Therefore, the dismissal was appropriate.

Plaintiffs do challenge the trial court's denial of their motion to reconsider the dismissal and the refusal of the court to find sufficient the health professional's fourth report stating that the patient's chart did not contain documentation that the hospital obtained a consent from Marjorie which provided her with sufficient information about the proposed treatment to enable her to make an informed decision. Plaintiffs refer to the standards of the Joint Commission on Accreditation of Health Care Organizations concerning the patient's right to informed participation in decisions involving her health care.

Illinois law is clear that the duty of informing the patient so that a decision to give or withhold consent can be meaningfully made is the duty of the physician, not the hospital. (*Pickle v. Curns* (1982), 106 Ill. App. 3d 734, 435 N.E.2d 877; *Miceikis v. Field* (1976), 37 Ill. App. 3d 763, 347 N.E.2d 320.) The court in *Pickle v. Curns* also

stated very explicitly, "It is recognized that absent a principal-agent relationship the misconduct of a treating physician may not be imputed to a hospital." 106 Ill. App. 3d at 738.

■ In the record on appeal is a copy of the consent which Marjorie signed prior to surgery on October 24, 1989, in which she certifies that Dr. Celebouglu has explained why the surgery is necessary, its advantages, possible complications, and possible alternative modes of treatment. The reviewing health professional reported that the physician did not document his explanations to the patient in her chart separately from the consent form. However, the report does not contain any basis for requiring the hospital to ascertain whether the patient is falsely certified that she was fully informed by the doctor. The hospital fulfills its obligations to the patient by requiring the signed consent form before allowing surgery to be performed. (*Tobias v. Winkler* (1987), 156 Ill. App. 3d 886, 509 N.E.2d 1050.) Any inadequacy of the physician's explanation cannot be imputed to the hospital. Thus, the health professional's report failed to present any basis for an action against the hospital as required by section 2–622.

Plaintiffs also contend that section 2–622 does not apply to their cause of action based on the hospital's failure to require Dr. Celebouglu to adequately inform Marjorie of the consequences, risks and alternatives of the proposed surgery. Plaintiffs advance the theory that only administrative expertise, not medical expertise, is involved in determining whether hospital rules and regulations have been complied with in obtaining the patient's consent, and thus that only ordinary negligence is alleged in their fourth amended complaint, not medical malpractice.

■ Creative though this theory is, it has no application to the case before us. Section 2–622(d) expressly applies to a cause of action based on the doctrine of failure to inform of the consequences of the procedure. We cannot ignore the explicit mandate of the statute. Furthermore, plaintiffs' theory overlooks the fact that the failure of a physician to conform to the requisite standard of disclosure to the patient must be proved by expert medical evidence. (*Magana v. Elie* (1982), 108 Ill. App. 3d 1028, 439 N.E.2d 1319.) Thus, medical expertise would be required to determine whether the information provided to Marjorie by Dr. Celebouglu was adequate. The trial court correctly refused to reconsider its ruling dismissing plaintiffs' cause against the hospital on the theory that section 2–622 should not apply.

Finally, plaintiffs contend that the trial court erred in dismissing their cause with prejudice. Plaintiffs argue that they have not been able to obtain the hospital's bylaws or rules and regulations because

the circuit court ordered discovery to be stayed pending resolution of the motions to dismiss and, therefore, that plaintiffs have not been able to determine the exact language of the hospital's requirements for informed consent. Plaintiffs insist that they have been "denied their day in court" on this issue.

When a cause has been dismissed for failure to satisfy the requirements of section 2—622, the determination of the circuit court will not be disturbed on appeal unless there has been a manifest abuse of discretion. (*McCastle v. Sheinkop* (1987), 121 Ill. 2d 188, 520 N.E.2d 193.) Plaintiffs argue that amendments to pleadings are to be liberally allowed to enable medical malpractice actions to be decided on their merits rather than on procedural technicalities. (*Moss v. Gibbons* (1989), 180 Ill. App. 3d 632, 536 N.E.2d 125.) We agree with their statement of the general rule but not with their application of it.

In *Moss v. Gibbons*, the test for a dismissal with prejudice was held to be the furtherance of the ends of justice. There, failure of plaintiff to offer a proposed amendment was fatal to the claim that the circuit court abused its discretion in dismissing with prejudice. The same is true where the proposed amendment as submitted to the trial court would not cure the defects which prompted the dismissal. *Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 491 N.E.2d 803.

In the case before us, plaintiffs, after many attempts, have not offered an amendment to the complaint accompanied by a health care professional's report which satisfies the requirements of section 2—622 as to the hospital. The trial court acted within its discretion in dismissing the action against the hospital with prejudice.

Affirmed.

McCUSKEY, P.J., and LYTTON, J., concur.