No. 3--97-0426

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1998

_________________________________________________________________

JUDITH BREMS, as next friend    )  Appeal from the Circuit Court

of SUE-ANN BREMS, a minor,      )  of the 14th Judicial Circuit,

                           )  Rock Island County, Illinois

Plaintiff-Appellant,       )

                                )

v.                 ) No. 95--L--174

                           )

TRINITY MEDICAL CENTER, et al., )

                           )

     Defendants, and            ) 

                 ) 

THOMAS CARTER, M.D., and        )  

K. TRIPUNANENI, M.D.            )  

                                )  Honorable Ronald Taber,

     Defendants-Appellees.  )  Judge Presiding

_________________________________________________________________

JUSTICE HOMER delivered the opinion of the court:

_________________________________________________________________

The plaintiff filed a medical malpractice action naming Trinity Medical Center and four physicians as defendants.  The trial court dismissed with prejudice the counts containing claims against two of the physicians in the plaintiff's fourth amended complaint.  The trial court found the plaintiff failed to file an adequate physician's report.  The plaintiff appeals the dismissal of those two counts.  For the reasons that follow, we reverse the trial court's judgment.

FACTS

In July of 1993, Sue-Ann Brems, the minor child of the plaintiff Judith Brems, was examined and treated at Trinity Medical Center by Thomas Carter, M.D., K. Tripunaneni, M.D., Margery Franklin, M.D., and Rao Movva, M.D.

After a gastric feeding tube inserted into Sue-Ann became infected, she was transferred to another medical facility where an abscess was discovered in her abdomen.  The plaintiff, as next friend of her minor child, filed a medical malpractice complaint against Trinity Medical Center and the four physicians.  

The original complaint grouped all four of the physician defendants into one count.  In addition, the physician's report, which is required by section 2-622 of the Code of Civil Procedure (735 ILCS 5/2-622 (West 1994)), grouped five physicians including the four physician defendants into one paragraph.  

Defendant Carter filed a motion to dismiss, asserting that the plaintiff failed to allege in her complaint separate counts against each defendant.  The plaintiff was granted leave to amend and filed an amended complaint with separate counts against each defendant.  

When the plaintiff failed to attach a physician's report to her amended complaint, defendants Carter and Tripunaneni each filed motions to dismiss the amended complaint for failure to comply with section 2-622.  Agreed orders were entered by the trial court allowing the plaintiff 28 days to file a second amended complaint.  

Two months later, the second amended complaint was filed.  Four substantially identical physician's reports were attached to the complaint which contained separate counts against the four defendant physicians.  

The trial court dismissed the second amended complaint in its entirety in response to motions by the defendants Carter and Trinity Medical Center.  The court's order stated that the physician's report was insufficient under section 2-622.  The trial court allowed the plaintiff an additional 60 days to obtain an amended section 2-622 report and 30 days thereafter to file her amended complaint.  

The plaintiff filed late her third amended complaint with an attached physician's report.  The trial court dismissed counts I and IV against the defendants Carter and Tripunaneni in the plaintiff's third amended complaint pursuant to those defendants' earlier motions.  In two separate orders, the court ruled the physician's report did not comply with section 2-622.  The order dismissing count I stated the report was insufficient because it was conclusory and because it failed to identify the specific conduct of defendant Carter as distinguished from the conduct of the other physicians.  The order dismissing count IV simply stated the report was insufficient.  The trial court granted the plaintiff one last chance to file an amended report and a fourth amended complaint. 

Attached to the plaintiff's fourth amended complaint, was a physician's report containing the following:

"I am a physician and surgeon licensed to practice medicine in all of its branches.  I have reviewed the records, facts and other relevant material pertaining to the above entitled matter.  I am knowledgeable in the relevant issues involved in this matter and have practiced in this area of medicine within the last six (6) years.  The act(s) to follow reasonably caused or contributed to the chain of events which, in my opinion, ultimately led to plaintiff's injuries.  For the reasons to follow below I find that there is a reasonable and meritorious basis for filing an action in medical malpractice against the above named defendant(s).

Minor plaintiff was cared for by all of the defendants in July, 1993.  This child was a triplet who suffered from multiple organ system congenital errors.  In pertinent part the child suffered from esophageal atresia and other errors of the gut which required direct line gastric feeding.  This tube became infected and misplaced and an abscess formed in the abdomen.  The child became septic, dehydrated, malnourished and actually went into septic shock.  After about a month of the foregoing the child was transferred to another health care facility, at the behest of the family only, where the abscess was identified and drained, appropriate antibiotic treatment was instituted and the gastric feeding tube was properly positioned.

* * *

As a direct and proximate result of all the foregoing this child suffered a prolonged course of serious illness and suffered damage to all of her organ systems from the sepsis, dehydration and malnutrition.

The term 'failure' (or any of its grammatical forms) as used in this report means that there was a violation of the appropriate standard of care with regard to the individual issue being described."

In addition, the report contained a paragraph pertaining to the medical center and four separate paragraphs pertaining to each of the defendant physicians which read as follows:

          

"[Name of the defendant] as a physician who cared for plaintiff, had a duty to comply with the standard of care and by virtue of the following acts of commission and/or omission; failed to diagnose or cause to be treated the abdominal abscess and failed to diagnose or cause to be treated misplacement of the gastric feeding tube (Doctors are supposed to monitor tubes and make sure they are placed properly and they are supposed to re-position the tube if it becomes displaced.)  These defendants additionally, by virtue of their failure to observe appropriate aseptic technique in the handling of such tubes (i.e. they did not scrub glove properly thereby contaminating the field) caused the tube, aforesaid, to become infected in the first instance."

The defendants Carter and Tripunaneni filed motions to dismiss counts I and IV of the fourth amended complaint for failure to comply with section 2-622.  We must determine whether the trial court abused its discretion when it dismissed with prejudice counts I and IV of the plaintiff's fourth amended complaint because the section 2-622 report was insufficient. 

ANALYSIS

 Section 2-622 of the Code of Civil Procedure requires a plaintiff seeking damages because of medical or other healing art malpractice to attach to the complaint: (1) an affidavit from the plaintiff or his attorney that a qualified health professional has determined in a written report that there is a meritorious cause of action, and (2) the health professional's written report indicating the basis for his determination.  735 ILCS 5/2-622 (West 1994).  The sufficiency of the health professional's report is at issue in this appeal.  

The report must clearly identify "the reasons for the reviewing health professional's determination that a reasonable 
and meritorious cause for the filing of the action exists ***."  735 ILCS 5/2-622(a)(1) (West 1994).  A trial court's dismissal of an action because the plaintiff has failed to meet the requirements of section 2-622 will not be disturbed on appeal unless the trial court has abused its discretion.  
Winters v. Podzamsky
, 252 Ill. App. 3d 821, 621 N.E.2d 72 (1993).

The defendants Carter and Tripunaneni argue that the report alleged only in a conclusory fashion that they negligently failed to diagnose and treat the patient's abdominal abscess.  The defendants assert that the last report was essentially the same in substance as the reports previously held insufficient by the trial court.  They contend the report failed to identify the proper standard of care or discuss the reviewer's analysis of the records of the patient.  We disagree.  

Section 2-622 should not be so strictly construed that fine technicalities can be used as a means of stripping plaintiffs of their substantive rights and their day in court.  See 
Neuman v. Burstein
, 230 Ill. App. 3d 33, 595 N.E.2d 659 (1992).  The statute must be liberally construed so as not to deprive the plaintiff of her right to seek redress for her injuries (
Hagood v. O'Conner
, 165 Ill. App. 3d 367, 519 N.E.2d 66 (1988)).  If a single medical report in a medical malpractice action against multiple defendants is sufficiently broad to cover each defendant, adequately discusses deficiencies in the medical care given by the defendants, and establishes that a reasonable and meritorious cause exists for filing the action, the report can be considered sufficient to comply with section 2-622.  
Neuma
n v. Burstein
, 230 Ill. App. 3d 33, 595 N.E.2d 659 (1992).  

The medical report attached to the fourth amended complaint is sufficiently broad to cover defendants Carter and Tripunaneni, adequately discusses deficiencies in the medical care given the minor by the defendants, and establishes a reasonable and meritorious cause of action exists in this case.

The report indicates that the reviewing physician was a qualified health professional meeting the requirements of section 2-622, and that he had reviewed the medical records and other relevant matters pertaining to this case.  The report states that each of the four physician defendants had responsibility for providing medical care to the minor.  

According to the report, the patient was a triplet who suffered from esophageal atresia and other congenital defects which required direct line gastric feeding.  An abdominal abscess resulted from infection and misplacement of the gastric tube, causing the child to become dehydrated and malnourished, leading to septic shock.  Only when the child was moved to another facility at the family's request, did she receive the necessary remedial care.  The report charged each of these defendants with failing to ensure proper placement of the tube, to observe appropriate aseptic techniques in handling the tube, to properly monitor and reposition the tube, and to diagnose and treat the abdominal abscess.  Further, the report discusses the applicable standard of care, opines that the resulting complications suffered by the child were caused or contributed to by each of the defendants, and concludes that there exists a reasonable and meritorious cause of action for medical malpractice against each of the defendants.

While we offer no opinion whether the plaintiff will or should ultimately prevail on the merits of her claims against the defendants, Carter and Tripunaneni, we find the physician's report is sufficient to meet the requirements of section 2-622 as to these defendants.  We therefore conclude that the trial court abused its discretion in dismissing counts I and IV of the plaintiff's fourth amended complaint.  The judgment is reversed and the cause remanded.  

The plaintiff also complains that defendant Carter failed to cite whether he was moving for dismissal under section 2-615 (735 ILCS 5/2-615 (West 1994)) or section 2-619 (735 ILCS 5/2-619 (West 1994)) of the Civil Practice Law.  However, in view of our decision, we find it unnecessary to address this issue.

CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court of Rock Island County and the cause is remanded for further proceedings consistent with this order. 

Reversed and remanded.

BRESLIN and SLATER, JJ., concurred.