ANITA INGOLD *et al.*, Plaintiffs-Appellants, v. G.S. IRWIN *et al.*, Defendants-Appellees (BroMenn Healthcare, Defendant).

Fourth District    No. 4—98—0308

Argued November 17, 1998.—Opinion filed December 31, 1998.

Maurice J. Barry (argued), of Ostling, Ensign & Barry, of Bloomington, for appellants.

James J. Hagle (argued), of Johnson, Frank, Frederick & Walsh, of Urbana, for appellee G.S. Irwin.

Murvel Pretorius, Jr. (argued), of Quinn, Johnston, Henderson & Pretorius, Chartered, of Peoria, for appellee McLean County Orthopedics, Ltd.

JUSTICE GARMAN delivered the opinion of the court:

Plaintiffs Anita Ingold and Todd Ingold appeal from the December

9, 1997, order of the circuit court of McLean County dismissing their lawsuit against defendants G.S. Irwin, M.D., and McLean County Orthopedics, Ltd., with prejudice. We affirm.

## I. BACKGROUND

Anita fell and sustained multiple fractures to her right ankle on January 26, 1994. She was taken to the emergency room of BroMenn Healthcare (BroMenn) in Bloomington, Illinois, where Dr. G.S. Irwin, an employee of McLean County Orthopedics, performed surgery on her injured ankle.

On January 26, 1996, the Ingolds filed a multiple-count complaint against Dr. Irwin, BroMenn, and McLean County Orthopedics. Anita's claims alleged medical malpractice; specifically, the failure to properly diagnose and treat the postoperative complication of reflex sympathetic dystrophy. Todd's claims were based on loss of consortium. The complaint was accompanied by an affidavit signed by plaintiffs' attorney, Maurice J. Barry, stating that there had been insufficient time to obtain the consultation required by section 2—622(a)(1) of the Code of Civil Procedure (Code) (735 ILCS 5/2—622(a)(1) (West 1996)) and that the statute of limitations on plaintiffs' claims would expire on January 26, 1996, if the complaint were not filed on that date. Further, Barry's affidavit acknowledged that he was required to comply with section 2—622(a) of the Code within 90 days of filing the lawsuit (735 ILCS 5/2—622(a)(2) (West 1996)).

On April 26, 1996, Barry filed an affidavit in which he stated, under oath, that he had consulted with a health care professional who was qualified to author the report required by section 2—622(a)(1) of the Code. The affidavit was accompanied by a written report from David L. Felten, M.D., Ph.D., professor and chair of the Department of Neurobiology and Anatomy at the University of Rochester Medical Center. The report was in the form of a business letter with the salutation, "Dear Mr. Barry." The heading contained the name of Barry's law firm and the correct street address, but did not contain the city, state, or zip code.

Dr. Irwin filed a motion to dismiss on the ground that the section 2—622(a) affidavit had not been filed within 90 days of the filing of the lawsuit. The trial court denied the motion on June 24, 1996, and granted the plaintiffs' motion that a one-day extension be allowed.

Discovery proceeded and the trial court dealt with numerous motions. There were multiple hearings and case management conferences. BroMenn was subsequently dismissed as a defendant after reaching a good-faith settlement with the plaintiffs.

On July 31, 1996, plaintiffs filed their disclosure of opinion wit-

nesses as required by Supreme Court Rule 213(g) (166 Ill. 2d R. 213(g)), listing Drs. Felten and Richard S. Laskin, in addition to other opinion witnesses. On August 6, 1997, Dr. Irwin filed a motion seeking, *inter alia*, to bar Dr. Felten's testimony as an expert witness on the ground that his curriculum vitae, which was attached to the Rule 213(g) disclosure, "shows that without question that David Felten is not a practicing, board-certified orthopedic surgeon but rather a professor." Thus, Dr. Irwin argued, Dr. Felten was not qualified to testify as to the standard of care for a board-certified orthopedic surgeon. McLean County Orthopedics filed a motion adopting these pleadings on August 27, 1997. After a hearing on October 1, 1997, the trial court ordered that Dr. Felten's testimony be limited to the diagnosis of Anita's condition, the course of treatment, and how the results of treatment might have differed if the condition had been diagnosed or treated sooner.

On October 15, 1997, a discovery deposition was taken of Dr. Felten in Rochester, New York. Dr. Felten testified that he is not a licensed physician, has never held a medical license, has never taken an examination to obtain such a license, and has never treated a patient. He further testified that he had never met plaintiffs' attorney Barry, did not know who he was, and had never consulted with him.

Dr. Irwin filed two motions on November 21, 1997, seeking, in the alternative, dismissal or an order barring Dr. Felten from testifying. The motion to dismiss pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 1996)) argued that dismissal with prejudice was appropriate because plaintiffs had failed to comply with the statutory pleading requirements of section 2—622(a)(1) of the Code. On December 5, 1997, McLean County Orthopedics filed a motion to dismiss, adopting the arguments made in Dr. Irwin's motion.

Attached to plaintiffs' December 5, 1997, response to the motion was an affidavit of Michael P. Flomenhaft, who is licensed to practice law in the State of New York and was admitted to this case as cocounsel *pro hac vice* on February 19, 1997. Flomenhaft stated under oath that he consulted with attorney Barry on this case beginning in January 1994 and that it was he, rather than Barry, who had direct contact with Dr. Felten. Dr. Felten's findings were relayed to Barry through Flomenhaft. Thus, according to Flomenhaft, Barry's affidavit was accurate "except for the fact that there was no direct conversation" between Barry and Dr. Felten. Flomenhaft also stated that this is confirmed "by the fact that the Certificate which was signed by Dr. Felten was made out directly to Maurice J. Barry and sent to him at his address." Plaintiffs also argued that any deficiency in Dr. Felten's credentials could be corrected by adopting the deposition testimony of

Dr. Laskin, a board-certified orthopedic surgeon and licensed physician, or by allowing Dr. Laskin to prepare the required written report.

A hearing was held on December 9, 1997, 30 days before the jury trial was scheduled to commence. The trial court made the following docket entry:

> "The Court finds that [plaintiffs'] 'health professional,' Dr. Felt[e]n, is not, and never has been, a licensed physician, and thus is not only not 'qualified' under 735 ILCS 5/2—622[(a)] to render an opinion on [defendants'] negligence, but is also not a proper person to make a report under said law to be attached to [plaintiffs'] complaint, and further that [plaintiffs'] counsel, Maurice Barry, in his § 2—622[(a)] affidavit, falsely states that he 'consulted with' Dr. Felt[e]n when in fact he has never directly communicated with Dr. Felt[e]n in any way. Further, [attorney] Barry has filed Rule 213 disclosures which state that he has consulted with his opinion witnesses, Drs. Felt[e]n [and] Lask[in] and that they have certain opinions regarding [defendant's] alleged negligence, when in fact [plaintiffs'] counsel has not personally consulted with said witnesses and they do not hold the opinions which [attorney] Barry asserts that they hold. Accordingly, the Court finds and rules that [plaintiff] has failed to file a valid [§ ]2—622[(a)] certificate with her complaint, that the time for filing same has long passed, and that said complaint should be and is dismissed with prejudice as to all remaining counts. Further, the Court finds that [attorney] Barry's failure to consult with his opinion witnesses as required by statute, and his failure to exercise reasonable diligence or make reasonable inquiry of his opinion witnesses, and his reckless disregard for truth in filing affidavits and disclosures violates ethical standards of conduct for Illinois attorneys, and appropriate sanctions, to be determined later, should be imposed on Mr. Barry."

Plaintiffs filed a motion to reconsider on December 29, 1997, which was denied following a hearing on March 26, 1998. All defense motions regarding sanctions were withdrawn at that time and the trial court pronounced the dismissal with prejudice final and all issues resolved. Plaintiffs filed a timely notice of appeal.

## II. ANALYSIS

We first address defendants' motion to strike a portion of plaintiffs' reply brief as irrelevant or, in the alternative, to supplement the record. We agree that the disputed portions of plaintiffs' reply brief are irrelevant to this inquiry and, thus, allowed the motion to strike in open court at oral argument.

We also commend the trial court for its helpful docket entry, clearly outlining the reasons for its ruling. The process of appellate review is greatly assisted by the presence of such detail.

Plaintiffs make two arguments on appeal. First, the plaintiffs argue that to "remedy any shortcomings" in Dr. Felten's qualifications, they should have been allowed to substitute the opinion of Dr. Laskin, as expressed in his deposition testimony, for the deficient medical report. Second, they argue that attorney Barry's affidavit was not false, in light of the fact that cocounsel, Flomenhaft, did consult directly with Dr. Felten. Because the trial court found the section 2—622(a)(1) filing flawed in two respects—the doctor's lack of licensure and the attorney's false statement—the dismissal with prejudice must stand if the trial court's exercise of discretion was appropriate in either respect.

Defendants argue that the trial court did not abuse its discretion by dismissing with prejudice; the matter should have been dismissed when plaintiffs failed to comply with the statute of limitations in the first instance; and dismissal with prejudice was warranted as a sanction for plaintiffs' violation of Supreme Court Rule 137 (155 Ill. 2d R. 137). Because we agree with defendant's first argument, we need not address the other issues.

Section 2—622(a)(1) of the Code requires that a medical malpractice plaintiff or her attorney attach to the complaint an affidavit declaring that the affiant has consulted with a qualified health-care professional who has determined that "there is a reasonable and meritorious cause for the filing of such action." 735 ILCS 5/2—622(a)(1)(iii) (West 1994). When, as in this case, the defendant is a physician, the complaint must also be accompanied by a written report prepared by "a physician licensed to practice medicine in all its branches." 735 ILCS 5/2—622(a)(1) (West 1994). In addition to licensure, the reviewing health professional must be "knowledgeable in the relevant issues" (735 ILCS 5/2—622(a)(1)(i) (West 1994)), have practiced or taught in the same area of medicine or health care within the six years preceding the making of the report (735 ILCS 5/2—622(a)(1)(ii) (West 1994)), and be "qualified by experience or demonstrated competence" in the subject matter of the case (735 ILCS 5/2—622(a)(1)(iii) (West 1994)).

A plaintiff's noncompliance with section 2—622(a) of the Code does not require the trial court to dismiss with prejudice:

"Requiring that section 2—622 dismissals be with prejudice would be a triumph of form over substance. It would elevate a pleading requirement designed to reduce frivolous lawsuits into a substantive defense forever barring plaintiffs who initially fail to comply with its terms." *McCastle v. Sheinkop*, 121 Ill. 2d 188, 193, 520 N.E.2d 293, 296 (1987).

Thus, the determination of whether to dismiss an action with or without prejudice is within the sound discretion of the trial court. *Mc-*

*Castle*, 121 Ill. 2d at 193, 520 N.E.2d at 296. The test to be applied by a reviewing court is whether the trial court took "the particular facts and unique circumstances of the case into consideration before determining that the complaint should be dismissed with prejudice." *Peterson v. Hinsdale Hospital*, 233 Ill. App. 3d 327, 330, 599 N.E.2d 84, 87 (1992). Where this has been done, the trial court's determination is not an abuse of discretion and will not be reversed on appeal. *Peterson*, 233 Ill. App. 3d at 330, 599 N.E.2d at 87. Similarly, whether to grant leave to amend the pleadings to conform to the requirements of section 2—622(a) is within the sound discretion of the trial court. *McCastle*, 121 Ill. 2d at 194, 520 N.E.2d at 296.

## A. Health Professional's Report

■ This court has previously noted that section 2—622(a) of the Code permits a medical malpractice plaintiff to choose his own reviewing health professional with few restrictions. First, the health professional must be knowledgeable with regard to the relevant issues. Second, the health professional must be licensed to practice medicine and, third, must practice or teach in the same medical specialty as the defendant. *Moss v. Gibbons*, 180 Ill. App. 3d 632, 636, 536 N.E.2d 125, 127 (1989). Because the State of Illinois does not define or otherwise regulate the medical specialties of physicians, a physician licensed to practice in Illinois is "qualified to practice medicine in all of its branches." *Moss*, 180 Ill. App. 3d at 636, 536 N.E.2d at 127.

It is undisputed that Dr. Felten, although he holds an M.D. degree, is not and never has been licensed to practice medicine by the State of Illinois or any other state. Thus, although he may be knowledgeable on the subject of reflex sympathetic dystrophy, he is not, by definition, qualified to author the written report required by section 2—622(a)(1) of the Code.

Plaintiffs argue that this is merely a technical pleading matter and should not deprive them of their day in court. They cite *Brems v. Trinity Medical Center*, 295 Ill. App. 3d 358, 363, 693 N.E.2d 494, 497 (1998), in which the trial court gave the plaintiff four opportunities to cure the deficiencies in the medical report. The reviewing court found the fourth amended report sufficient to meet the requirements of section 2—622(a) of the Code and reversed the trial court's dismissal of the action (*Brems*, 295 Ill. App. 3d at 363-64, 693 N.E.2d at 497), stating, "Section 2—622 should not be so strictly construed that fine technicalities can be used as a means of stripping plaintiffs of their substantive rights and their day in court." *Brems*, 295 Ill. App. 3d at 363, 693 N.E.2d at 497. At issue in *Brems* was whether the medical report was sufficiently detailed in its discussion of the deficiencies in

the medical care rendered by the two defendant physicians. The physicians argued that the report was "conclusory" (*Brems*, 295 Ill. App. 3d at 362, 693 N.E.2d at 497); the court disagreed. There was no suggestion in *Brems* that the reviewing physician was not qualified to render the opinion.

Plaintiffs also cite *Comfort v. Wheaton Family Practice*, 229 Ill. App. 3d 828, 832, 594 N.E.2d 381, 384 (1992), for its discussion of the technical requirements of section 2—622:

> "The absence of strict technical compliance with the statute is one of form only and not of substance. The technical requirements of the statute should not be mechanically applied to deprive the plaintiff of her substantive rights. [Citations.] The purpose of the enactment was not to burden the plaintiff with insurmountable hurdles prior to filing but to reduce the number of frivolous lawsuits."

The plaintiff's medical report in *Comfort* was challenged because it did not contain separate medical certificates for the two defendants, the physician and the partnership that employed him. The court found that the plaintiff had conformed to the purpose of section 2—622, despite the lack of a separate certificate addressing the conduct of the partnership, whose liability arose by operation of law under partnership and agency principles. *Comfort*, 229 Ill. App. 3d at 833-34, 594 N.E.2d at 385.

Plaintiffs have not, however, provided any reasoning for their assertion that this court should consider Dr. Felten's lack of licensure to be a mere technical requirement. Indeed, it has been held that a physician's inability to render a competent opinion because he did not meet the statutory qualifications is not a minor or technical error. *Cuthbertson v. Axelrod*, 282 Ill. App. 3d 1027, 1035, 669 N.E.2d 601, 606 (1996).

Nor does plaintiffs' citation to *Moscardini v. Neurosurg, S.C.*, 269 Ill. App. 3d 329, 645 N.E.2d 1377 (1994), *appeal denied*, 162 Ill. 2d 569, 652 N.E.2d 343 (1995), support their position. *Moscardini* is distinguishable. At issue in *Moscardini* was the plaintiff's motion under section 2—402 of the Code (735 ILCS 5/2—402 (West 1994)) to convert two respondents in discovery to defendants. There was no question that the medical report attached to the motion fully complied with the requirements of section 2—622. The question for the court was whether the medical report was a sufficient basis for granting a section 2—402 motion. *Moscardini*, 269 Ill. App. 3d at 332, 645 N.E.2d at 1380. The court held that it was.

In *Steinberg v. Dunseth*, 276 Ill. App. 3d 1038, 1042, 658 N.E.2d 1239, 1244 (1995), *appeal denied*, 167 Ill. 2d 569, 667 N.E.2d 1063 (1996), this court said:

"Section 2—622 does not, however, provide that a defendant may secure a dismissal by showing that the written report is mistaken or inconsistent with depositions or other discovery materials. [Citation.] Section 2—622 is a pleading requirement designed to reduce frivolous lawsuits, not a substantive defense which may be employed to bar plaintiffs who fail to meet its terms. [Citation.] A complaint may be dismissed where the section 2—622 written report does not clearly identify the reasons for the health care professional's determination that there is a meritorious cause of action, but leave to amend should then be granted."

Defendants cite *Steinberg* in support of their argument that plaintiffs are not entitled to leave to amend in this case because it is not the content of the report they are challenging but the competence of Dr. Felten to make the report in the first place. Dr. Felten's lack of a medical license cannot be cured by granting plaintiffs leave to amend. Defendants argue that allowing plaintiffs to obtain a written report from another physician at this late date and to substitute that report for Dr. Felten's would have the effect of indefinitely extending the statute of limitations.

In *Calamari v. Drammis*, 286 Ill. App. 3d 420, 433-34, 676 N.E.2d 281, 290-91 (1997), the court analyzed prior cases involving dismissal for failure to comply with section 2—622 of the Code and grouped the decisions into two categories. In one group of cases, reviewing courts found an abuse of discretion when an action was dismissed with prejudice. In the second group, the appellate court upheld the trial court's decision to dismiss. The *Calamari* court distinguished the first group of cases

"on the basis that they involved plaintiffs who had substantially complied with the requirements of section 2—622 and who, prior to the dismissals with prejudice, proposed amendments to remedy the deficiencies in their complaints." *Calamari*, 286 Ill. App. 3d at 434, 676 N.E.2d at 291.

*Calamari* concluded that, in the second group of cases, it was not an abuse of discretion to deny a party leave to amend a pleading if amendment could not cure the defect in the original pleading. *Calamari*, 286 Ill. App. 3d at 435, 676 N.E.2d at 291.

We find that the plaintiff in this case did not substantially comply with the requirements of section 2—622 of the Code. The defect, the lack of a medical license, could not have been cured by amending the original pleading. Plaintiffs' attempt to comply with section 2—622 almost two years after the filing of the initial complaint and only after the defendants' discovery of Dr. Felten's lack of qualifications does not comport with the letter or the spirit of section 2—622 of the Code.

We, therefore, hold that the trial court did properly take into

consideration the particular facts and unique circumstances of the case and, thus, did not abuse its discretion by dismissing the action with prejudice.

## B. Attorney's Affidavit

The trial court based its decision to dismiss with prejudice not only on Dr. Felten's lack of qualifications to author the medical report, but on attorney Barry's false statements in the section 2—622 affidavit.

Plaintiffs argue that the statute does not require a direct "one-on-one" communication between the section 2—622 affiant and the reviewing health professional. Rather, plaintiffs claim, section 2—622 of the Code requires only an affidavit "stating that a qualified health professional has determined in a written report that there is a meritorious cause of action."

■ The plain language of the statute belies plaintiffs' interpretation. Section 2—622(a)(1) of the Code requires that the affiant declare "[t]hat the affiant *has consulted and reviewed the facts of the case with a health professional.*" (Emphasis added.) 735 ILCS 5/2—622(a)(1) (West 1994).

Attorney Barry does not deny that he never consulted with Dr. Felten and never reviewed the facts of the case with him. Instead, he argues that his sworn statement was not false because Dr. Felten's written report was addressed to him. As noted above, however, the address was incomplete, indicating that although Dr. Felten may have been instructed to address his report to an attorney in Illinois with whom he had never spoken, he had no contact, even by mail, with the plaintiffs' attorney.

Attorney Flomenhaft was admitted to the case *pro hac vice* on February 19, 1997, 10 months after the affidavit was filed. Attorney Barry now argues that the earlier communication between Dr. Felten and cocounsel should be sufficient for purposes of the affidavit. He cites two cases in support of his argument that this court should consider *communication with cocounsel sufficient for purposes of the* affidavit required by section 2—622 of the Code. Neither case is persuasive.

*Wynter v. Wynter*, 54 Ill. App. 3d 840, 368 N.E.2d 1104 (1977), involved a default decree in a divorce action. The respondent husband was a nonresident of Illinois whose retained New York counsel failed to keep his promise to obtain Illinois counsel for his client. The court vacated the decree, holding that substantial justice required giving the husband the opportunity to respond to the complaint. *Wynter*, 54 Ill. App. 3d at 843, 368 N.E.2d at 1105. *Wynter* does not support Barry's claim that the conduct of cocounsel should be imputed to him.

*In re Estate of Garbalinski*, 120 Ill. App. 3d 767, 458 N.E.2d 1065 (1983), is similarly unavailing. *Garbalinski* involved miscommunication between cocounsel and other lapses of communication between the parties to a will contest and their attorneys. The executor, who was represented by five separate attorneys during the pendency of the proceeding, had in her possession documents that questioned the competence of the decedent to make a valid will. One of the contestants' attorneys replied to a notice to produce that no such documents existed when he intended to reply that there were no additional documents beyond those already provided to executor and her former attorney. He was unaware that cocounsel for contestants had additional documents. The court found that, in these circumstances, summary judgment in favor of the executor was not justified. *Garbalinski*, 120 Ill. App. 3d at 773, 458 N.E.2d at 1070.

Neither the language of section 2—622 of the Code nor the cases cited permit someone other than the affiant himself to perform the statutorily required act of consulting and reviewing the facts of the case with the health care professional. In any event, defendants note that Barry's affidavit made two false statements, that Dr. Felten possessed the qualifications required by statute and that Barry consulted with Dr. Felten.

In *Moss*, this court found a section 2—622 affidavit invalid because it was sworn and dated prior to the date of the written medical report of the reviewing health professional. *Moss*, 180 Ill. App. 3d at 636, 536 N.E.2d at 127. We affirmed the trial court's decision to dismiss with prejudice because "the plaintiff failed to comply with the statutory prerequisites for filing a medical malpractice action." *Moss*, 180 Ill. App. 3d at 636, 536 N.E.2d at 127. The falsehood in the affidavit in this case is similar to the falsehood in *Moss*. In *Moss*, the affiant swore that he had performed an act that he did not, in fact, perform until later. In this case, the affiant swore that he had performed an act that was performed by another. Both statements are equally false.

Similarly, in *Tucker v. St. James Hospital*, 279 Ill. App. 3d 696, 703, 665 N.E.2d 392, 396 (1996), the court upheld dismissal with prejudice where the affidavit was invalid because it was incomplete and based on an invalid health professional's report.

We find that the invalid affidavit is sufficient grounds, standing alone, on which the trial court could have dismissed this action with prejudice.

Attorney Barry, at oral argument, acknowledged that the certificate and affidavit did not "technically" conform to the requirements of section 2—622 of the Code. He argued, however, that dismissal with prejudice was an abuse of the trial court's discretion because it did not

further the legislative purpose of the statute—the prevention of frivolous medical malpractice lawsuits. He claimed that plaintiffs' action was meritorious and, even in the face of their attorney's noncompliance with the statute, their lawsuit should have been allowed to continue. He offered no authority for this assertion.

This argument is entirely without merit. Even if we were to agree that the plaintiffs have made a potentially meritorious claim and that it was not the intent of the legislature to bar such claims, neither this court, nor the trial court, nor counsel may simply disregard the plain language of the statute.

### C. Rule 137

We briefly address the argument, made on behalf of Dr. Irwin at oral argument, that Supreme Court Rule 137 (155 Ill. 2d R. 137) provides an independent basis for affirming the dismissal with prejudice.

Rule 137 requires that every pleading, motion, or other paper of a party be signed by that party's attorney. Further:

"The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion[,] or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact ***. *** If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction ***." 155 Ill. 2d R. 137.

Defendants invoked Rule 137 in their joint brief, but on a different basis than that asserted at oral argument. In the brief, defendants argued that a false statement in a section 2—622 affidavit also violates Rule 137. At oral argument, the additional claim was made that plaintiffs' response to defendants' interrogatories under Supreme Court Rule 213 (166 Ill. 2d R. 213) also contained false statements.

Rule 213(g) requires a party to state, in response to a written interrogatory: (1) the subject matter about which an opinion witness is expected to testify; (2) the conclusions and opinions of that witness and the bases therefor; and (3) the qualifications of the witness and copies of any reports prepared by the witness. 166 Ill. 2d R. 213(g).

According to counsel for Dr. Irwin, plaintiffs' response to Rule 213 interrogatories, signed by attorney Barry, contained false statements that attributed certain opinions to Drs. Felten and Laskin. In their deposition testimony, the doctors disavowed the opinions attributed to them by attorney Barry. In the interim, however, counsel asserts that a third defendant, BroMenn, reached a settlement with plaintiffs and that a reasonable inference may be drawn that the settlement was

influenced by the false pleading. The gravamen of counsel's argument is that by falsely attributing opinions to such witnesses, a plaintiff places a defendant in the position of either settling a claim in reliance on the truth of the statements or incurring the unnecessary expense of verifying the truth of the statements by taking depositions of the witnesses.

■ Because we have disposed of this appeal on other grounds, we need not accept counsel's invitation to compare the deposition testimony of the doctors with the opinions attributed to them in the papers filed by plaintiffs. We do agree with defendants, however, that such conduct by a plaintiff's attorney is not to be tolerated.

### III. CONCLUSION

For the reasons set forth above, we affirm the judgment of the trial court dismissing plaintiffs' action with prejudice.

Affirmed.

KNECHT, P.J., and STEIGMANN, J., concur.